Boyle *v.* Levings.

THIS was an action of assumpsit against the guarantor of a promissory note, brought in the Superior Court of Chicago, by the defendant in error against the plaintiff in error. The plaintiff in error pleaded the general issue, with five special pleas. The plaintiff in error also asked permission to file additional pleas, setting forth that the note sued on had been discounted at a usurious rate of interest. The court refused leave to file additional pleas. There was a trial, verdict and judgment for defendant in error.

R. T. MERRICK, for Plaintiff in Error.

FARWELL & SMITH, for Defendant in Error.

---

MICHAEL BOYLE, Appellant, *v.* ANN LEVINGS, Appellee.

APPEAL FROM JO DAVIESS.

A motion for a new trial should be preserved in a bill of exceptions, or it will not be considered by this court.

An action of trover for the conversion of a promissory note, or for the conversion of bank bills received upon it, may under our statute be maintained, although the plaintiff and defendant were jointly interested in the note.

THIS was an action of trover, for a promissory note. The declaration also charged a conversion of bank notes and coin.

The general issue was pleaded. Also, a special plea, that

the note, which was payable to the plaintiff below, was only nominally hers, but really the property of the defendant. With a notice that the defendant below would give in evidence on the trial, under the general issue, a judgment before Justice Parks, in his favor, against the plaintiff below.

Verdict and judgment for plaintiff below. The defendant below appealed. The bill of exceptions does not show any motion for a new trial.

The second and third instructions given for plaintiff below are as follows :

, 2. If the jury believe, from the evidence, that the money sued for was and is the money of Ann Levings, and that the same was collected by the defendant, before this suit was commenced, then the jury should find for the plaintiff.

3. If the jury believe, from the evidence, that a portion of the money sued for is the plaintiff's money, and a portion that of defendant Boyle, or of his wife, then the jury should find a verdict for the plaintiff for so much as the proof shows she is entitled to.

The errors assigned are as follows :

The verdict and judgment should have been for defendant below.

Giving plaintiff's second and third instructions.

Not granting a new trial.

Rendering judgment against defendant below.

Admitting improper evidence, under the issues.

Cannot maintain trover for an equitable interest in the note sued for.

The action should have been assumpsit, not trover.

LELAND & LELAND, for Appellant.

The action, if any, should have been assumpsit, and trover does not lie for a note after judgment rendered on it. 11 Iredell, 226 ; Ala. 130 ; 3 John, 431.

Trover cannot be maintained for the money collected, because the plaintiff never had possession of it, and it is not capable of identification. Trover only lies for a chattel which the plaintiff could have lost, and the defendant might have

found, and consequently the instructions are wrong. 7 Eng. Com. Law. 226.

By the verdict and judgment in this case, they are made joint owners of the note sued for. One joint owner cannot maintain trover against the other. Both had interest in the note, and trover would not lie. 1 Term Rep. 659.

B. F. Cook, for Appellee.

The overruling the motion for a new trial was not excepted to. The recital of the clerk is no part of the record. The court, and not the clerk, is to certify an exception to bring it before this court. *Love* v. *Moynehan*, 16 Ill. 278; *Lucas* v. *Farrington*, 21 Ill. 32; *McDonald* v. *Arnout*, 14 Ill. 58; *Deckhert* v. *Durrill*, 11 Ill. 83; *Metcalf* v. *Edmiston*, 25 Ill. 392.

CATON, C. J. The only question which is so presented in this case, as to warrant an examination by this court is, Could trover be maintained for the wrong complained of? We cannot examine the decision of the court overruling the motion for a new trial, for the reason that it is not shown in the bill of exceptions. The clerk states in the record, that the defendant excepted to the overruling of the motion for a new trial. But that does not make it a part of the record. It could only be made so, by a bill of exceptions. The law requires the certificate of the judge and not of the clerk, to that fact. We may say, however, that we have examined the proof which is set out in the bill of exceptions, and do not think if the question were properly presented, that we could disturb the verdict.

The action is for trover, in two counts. One, for the conversion of a promissory note, and the other for the conversion of bank bills. It turns out that the note was payable to the plaintiff, but the defendants were entitled to a part of the money due upon it, and they converted the whole of the note, or the money which they collected upon it, to their own use, denying the right of the plaintiff to any portion of it. At common law this action could not be maintained, but under the second section of the fifty-sixth chapter, R. S., we think

it can.   The section is this :   " If any person shall assume and exercise conclusive control over, or take away, destroy or lessen in value, or otherwise injure or abuse, any property held in joint tenancy, tenancy in common, or coparcenary, the party aggrieved shall have his action of trespass or trover for the injury, in the same manner as he would have if such joint tenancy, tenancy in common, or coparcenary, did not exist."   This seems to reduce the question to the simple inquiry, could this action have been maintained if the plaintiff had owned the whole of the note ? for if it could, then the statute says it may be maintained now, *in the same manner* as then.   The form of the action, it thus seems, may be the same in the one case as the other, because it may be done in the same manner.   There is no dispute, if the plaintiff owned the whole of the note, that she could maintain this action. This disposes of the second and third instructions, given for the plaintiff, to which we think the bill of exceptions shows, the defendant did except, although the plaintiff below questions this.   We think the instructions were right, and the judgment must be affirmed.

*Judgment affirmed.*