# SUPREME COURT

### OF

# ILLINOIS.

## THIRD GRAND DIVISION.

### APRIL TERM, 1864.

---

## ANDREW M. HITT *et al.*

### *v.*

## HENRY SHARER.

1. LIMITATIONS — *when the statute is a bar* An action for money paid for the use of another, must be brought within five years after its payment, or the statute will bar its recovery unless the promise to repay it is in writing.

2. SAME. It is error to instruct the jury, that if any portion of the money paid for the use of the defendant was within five years of the commencement of the suit, that money paid more than five years might be recovered, as the law implies a promise, and an action may be brought as soon as each payment is made, and such payments do not constitute a running account, and do not imply that a credit is given for their repayment.

4. PAYMENT — *what amounts to, of a promissory note.* Where a party, at the request of another, pays all of a two hundred dollar note of the latter but seven dollars, and that is charged to the account of the former and the note given up to him, that constitutes such a payment of the note as would authorize the person paying it to sue the maker and recover the amount of the note for money paid for his use.

APPEAL from the Circuit Court of Ogle county; the Hon.
W. W. HEATON, Judge, presiding.

This suit originated in the Probate Court of Ogle county, on
an account against the estate of Samuel U. Hitt, for money paid
for his use by plaintiff. A trial was had, resulting in a judg-
ment in favor of plaintiff for $200, from which the executors,
Andrew M. Hitt, John W. Hitt and Robert.S. Hitt, appealed
to the Circuit. The case was again tried by a jury at the
March Term, 1862, of the Circuit Court.

On the trial below, the bar of the statute of limitations was
relied upon by the defense; and it appeared from the evidence
that one Allen sued Samuel M. Hitt and one Swingley, for
money he claimed to be due to him for teaching school; that he
claimed two hundred dollars; and the claim was adjusted by
plaintiff giving his note for that amount, which he afterwards
paid in the fall of 1855, or in the summer of 1856; but Allen
stated that he believed the settlement was made in the fall of
1854, and the note was made payable in six or twelve months.
Swingley testified that Hitt came to him in the spring of 1853
or 1854, and said that the money was coming to him, as he had
settled the matter with Sharer in the sale of land. Witness
says he went to California in spring of 1850, and returned in
November, 1852, and he had the conversation with Hitt two
or three months after his return, and the suit with Allen had
been settled previous to that time.

The court, on the trial below, gave for plaintiff this instruc-
tion:

If the jury believe from the evidence that Sharer signed said
note, in fact, as security to Allen for the benefit of Hitt, and
that Hitt was to pay the same, Sharer is entitled to recover the
amount of Hitt or his estate, if the jury believe that said Sharer
paid said note or any part thereof, within five years next pre-
ceding the filing of said claim in the Probate Court, February
6, 1861.

The jury returned a verdict in favor of plaintiff for $299.68,
and he thereupon remitted from the amount thus found

the sum of $39.68. Defendants entered a motion for a new trial, which the court overruled, and rendered a judgment for plaintiff on the verdict, for the balance of the verdict not remitted, and against the defendants, as executors of Samuel W. Hitt, to be paid in due course of administration. Defendants prosecute this appeal to reverse that judgment, and assign, amongst others, as errors, the giving of the instruction for plaintiff; and in overruling the motion for a new trial.

Messrs. H. A. MIX and LELAND & BLANCHARD for the appellant.

Messrs. GLOVER, COOK & CAMPBELL, for the appellee.

1. Giving improper instructions asked by plaintiff. But one instruction was given to plaintiff, and it was as follows:

If the jury believe from the evidence that Sharer signed said note in fact as security for Allen for the benefit of Hitt, and that Hitt was to pay the same, Sharer is entitled to recover the amount of Hitt or his estate, if the jury believe that said Sharer paid said note or any part thereof within five years next preceding the filing of said claim in the Probate Court, Feb. 5th, 1861.

No objection is stated to this instruction by appellant in his brief, and we submit that none can be stated, if Sharer gave his note for Hitt's debt and as security for Hitt, and Hitt was to pay the debt. Then Sharer, if he was compelled to pay the amount, had a cause of action against Hitt or his estate until it should be barred by the statute of limitations.

2. In overruling motion for new trial. This assignment of error cannot be considered by the court, because there is in the record no exception preserved to the overruling of the motion for a new trial, and it cannot be presented here, and this answer is conclusive upon this assignment of error. *Boyle* v. *Levings*, 28 Ill. 316.

But the verdict was in accordance with the testimony. It is clear from the testimony of Allen that Sharer gave his note for $200 to him, Allen, for the debt of Hitt and secured the claim of *Allen* v. *Hitt*. and to settle the suit between them.

The testimony of Swingley shows that Hitt got Sharer to give the note, and that he was to pay it.

3. The statute of limitations did not begin to run as against Sharer until he had paid the whole note, but these questions cannot be here considered because there is no exception by which the question is preserved.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The instruction given for appellee, and to the giving of which appellants excepted, asserts that if any portion of the money was paid by appellee, within five years next preceding the filing of the claim in the Probate Court, then appellee had a right to recover. The limitation laws of the State require all suits on promises, not in writing, either express or implied, to be brought within five years, next after the cause of action has accrued, and not thereafter. (Scates' Comp. 592.) The cause of action in this case is of the character of claims embraced in that provision. It was for money paid for the use of appellants' intestate, and if it was paid more than five years before filing the claim in the Probate Court, the action is barred. The evidence tends to show that the money was paid, and the note was taken up, more than five years before the claim was filed. It is true, that there may have been a small portion which was not paid in money, but was transferred to appellee's account with Allen, and the note was surrendered. It would seem that all of the money due on the note but seven dollars was paid in the fall of 1855, or earlier, if the evidence is to be credited, and the claim was not filed until February, 1861. The evidence shows, that the note was given up when the payment was made; and, if so, the debt was satisfied, and an action could then, if ever, have been maintained for the recovery. That was a payment of the note, and if it was given for Hitt's debt, that debt was then paid to the holder of the note, and if an action ever accrued against Hitt it was at that time.

This instruction is based upon the supposition, that although

all of the note but seven dollars had been paid more than five years before the claim was filed for probate, and the seven dollars was paid afterwards and within the five years, that it removed the bar, as to the advance made more than that period before the filing of the claim. In case of mutual running accounts between parties, such is the law, but not so with mere isolated transactions, where the law implies a liability for immediate payment. Such transactions never imply a credit given, but the law gives an action for immediate recovery. When all of the note but the seven dollars was paid, appellee's remedy was then as complete as it ever became. He had then paid off and discharged the whole note, all in money but seven dollars, and that was passed to the holder's account against appellee, and the action then accrued, if at all, for the amount of the note. But if it were otherwise, the non-payment of the remaining seven dollars did not prevent a recovery of what had been advanced. And if more than five years had intervened before the claim was filed, we would have no hesitation in saying, that it was barred by the statute of limitations.

It does not appear that any exception was taken to over-ruling the motion for a new trial, and we cannot, therefore, examine the evidence to see whether it supports the finding of the jury. *Boyle* v. *Levings*, 28 Ill. 314. The judgment of the court below is reversed and cause remanded.

*Judgment reversed.*