## TIMOTHY D. MAHONY

### *v.*

## MICHAEL D. DAVIS *et al.*

1. PRACTICE—*jurisdiction to send process out of county.* Under the act of 1861, amendatory of our practice act, a sole defendant cannot be sued out of the county where he resides, or may be found, unless the contract upon which the suit is brought, was *actually made* in the county where suit is brought, and the plaintiff resides in that county.

2. SAME. And when a party living in La Salle county gave in that county an order to the traveling agent of a merchant residing in Cook county, for the

1867.]            Mahony v. Davis *et al.*          289

Statement of the case.    Opinion of the Court.

purchase of certain goods, upon which they were sent to him, such contract cannot be sued upon in Cook county, and process sent to, and served upon, the defendant in La Salle county.

3. SAME. Such contract cannot be said to have been *"actually made"* in Cook county; as the sense in which those words are used in the act, evidently has reference to the actual presence of the parties, and not to a constructive presence, in the form of an offer by letter, or verbally transmitted.

4. SAME — *in cases tried by the court — motion for a new trial is not necessary.* In cases tried by the court, it is not necessary that a motion for a new trial should be made, in order that the evidence in the case may be reviewed in this court.

5. SAME — *motion confined to cases tried before a jury.* It is only to cases when a trial is had by a jury, that the practice of moving for a new trial is confined.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action in assumpsit, brought in the court below, by the defendants in error against the plaintiff in error, to recover for a quantity of cheese, alleged to have been sold to him under a contract made with them in Cook county. The defendant resided in La Salle county, and was sued in Cook county, and process sent to, and served upon him in La Salle county. The question, therefore, of the jurisdiction of the court below over the defendant, is the sole question presented.

Messrs. LELAND & BLANCHARD, for the plaintiff in error.

Messrs. WAITE & CLARKE, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question presented by this record is, whether a person living in La Salle county, and giving an order in that county to a traveling agent of a Chicago merchant, upon which goods are sent to such person in La Salle county, renders himself liable to be sued in Cook county, and have process sent and served in La Salle. Prior to the act of 1861, it was lawful to bring suit in the county of the plaintiff, and send process to any other county in the State, provided the cause of action accrued in the county of the plaintiff. It was also

lawful to bring suits in the county where a contract had been specifically made payable.

By the act of 1861, the law was so amended that a sole defendant cannot be sued out of the county where he resides or may be found, unless the contract upon which the suit is brought has been actually made in the county where the suit is brought, and the plaintiff resides in that county. The old law was somewhat uncertain in its language, as it spoke of a contract "accruing." This term was construed, in *Phelps* v. *McGee*, 18 Ill. 158, in application to contracts, to be synonymous with "made" or "executed," and to refer to the place where the contract was made. This construction was followed in *Aird* v. *Haynie*, 36 Ill. 176, where the suit was brought in Alexander county, the summons served in Marion county, and the defendant pleaded that the cause of action accrued in Marion and not in Alexander. The plaintiff insisted, that, as he, as assignee, was suing the assignor of a note, the cause of action "accrued" to him in Alexander county, where he lived when the assignor became liable, and that, therefore, the proof did not support the plea. But we held, the averment in the plea, that the cause of action accrued in Marion county, was equivalent to an averment that the contract was made in Marion county, and that the plea was supported by proof that the note was made and indorsed in Marion county.

The construction which the court found it necessary to give to the term "accrued," in this act, in reference to contracts, the legislature emphatically adopted in the act of 1861, by substituting the words "actually made," and in order to still further limit the right to send a summons to a foreign county, they provided that sole defendants should not be sued beyond the county where they reside or may be found, except in that particular case.

To allow this suit to be maintained would contravene the clear policy of the legislature. This contract was not "actually made" in Chicago, in the sense in which those words are used in the act of 1861. It is true, as contended by the counsel for defendants in error, that there was no concurrence of minds (ad-

mitting that the traveling agent was authorized only to receive orders and not to sell), until the plaintiff accepted the defendant's order in Chicago. The contract was then first completed. But nevertheless it was not "made" in Chicago, in the legislative sense. The offer was as essential to the contract as the acceptance, and the offer was made in La Salle county. The time when the minds of the parties met was the moment of acceptance, but where was the place — that is, where were the parties at that moment of time. One of them was in Cook county, and the other was in La Salle. Now, the legislature, in amending the law, and in using the words "actually made," evidently had reference to the actual presence of the parties, and not to some constructive presence in the shape of an offer sent by letter, or by a verbal message. This defendant was not present in Cook county at any time, in regard to this contract, and therefore did not fall under the jurisdiction of its courts.

That the law must receive this construction, will be perfectly manifest, if we consider the results of the opposite interpretation. Chicago is the great commercial center of the State. A very large proportion of the merchandise consumed in this State is ordered from Chicago, either by letter or through traveling agents of Chicago houses. If it should be held that every order thus sent is to be considered a contract made in Chicago, although the party sending it was never there, and if, upon such an order, such party is liable to be sued in the Chicago courts, the effect would be to throng those courts with defendants brought from all portions of this vast State, at such a sacrifice of time and money that they would often submit to the payment of an unjust demand rather than litigate it at such a distance from their business and their homes. The legislature intended to tolerate nothing of this kind, and to give such a construction to the law, would be not only most unjust to traders in the country, but injurious to the business of Chicago itself, by inducing purchasers in some parts of the State to send their orders to some city beyond our State limits.

It is objected that we cannot review the evidence in this case, because there was no motion for a new trial. There is

an early decision of the court to that effect, but the late practice of the court has been to confine that decision to cases where the trial was by a jury. In the present instance it was by the court, and, the judge having once passed upon the evidence, it was not necessary to go through the form of submiting it to him again by moving for a new trial. *Metcalf* v. *Fouts*, 27 Ill. 113.

*Judgment reversed.*