# JOHN N. SHULER

### v.

# EDWARD F. PULSIFER et al.

SENDING PROCESS *to a foreign county—where a contract is made.* A commission merchant doing business in Chicago, in Cook county, called upon a party in La Salle county, and requested him to consign grain to the former. The party in La Salle county did not reply definitely at the time, but subsequently consigned a shipment of grain to the commission merchant, at Chicago, advising him of the fact by letter, and in the same letter requested him to deposit a certain sum to

the credit of the shipper's banker, which was done, but the sum so deposited exceeded the proceeds of the grain shipped, and to recover such excess the commission merchant brought suit in Cook county, against the shipper, and sent the summons to La Salle county for service: *Held,* that the contract out of which the cause of action arose, was made in La Salle county, and not in Cook county, and therefore the summons could not be sent to La Salle county to be served.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Messrs. WATERMAN & BANE, for the appellant.

Messrs. PETERS & SHARLING, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, commenced in the Superior Court of Chicago, and the summons sent to and served in La Salle county. Defendant below filed a plea to the jurisdiction of the court, denying that the cause of action arose, or that the contract was actually made, in Cook county. A replication was filed, averring that the contract was actually made in Cook county, and not otherwise, as alleged in the plea. A trial was subsequently had by the court, a jury having been dispensed with by consent of the parties. The court found the issues for the plaintiffs, and assessed their damages at $433.82, and rendered judgment for that sum. The cause is brought to this court by appeal, and we are asked to reverse the judgment.

On the trial, it appeared, that in the month of July, 1865, E. F. Pulsifer, one of the plaintiffs, called upon defendant, in the city of Ottawa, in La Salle county, and solicited him to consign grain to plaintiff's firm, who were engaged in the grain commission business, Pulsifer, at the same time, offering to do defendant's business as low as he was having it done

264    Shuler *v.* Pulsifer *et al.*    [Sept. T.,

Opinion of the Court.

elsewhere. That defendant said to him that, if he changed commission houses in Chicago, he would, or might, ship grain to the house of Pulsifer. That about the 24th of October following, defendant shipped from Ottawa about 5,800 bushels of corn to plaintiffs, to sell as commission merchants.

At the time he made this shipment of grain, he wrote appellees, apprising them of the fact, and directing them, on its receipt, to deposit in the Merchants' Loan & Trust Company $2,500, to the credit of Eames, Allen & Co. That the deposit was made as requested. The corn was shipped to and sold in New York, and after deducting expenses and charges, it lacked $433.82 of equaling the advance made on the cargo. And it was to recover this deficit that appellees brought this suit.

There is no pretense that appellant resides, or was served with process, in Cook county, but it is contended that the proof shows, the contract was actually made in Cook county. The first section of the act of 1861 (Sess. Laws, 180), declares that it shall not be lawful for a plaintiff to sue any defendant out of the county where the latter shall reside, or may be found, except in cases where there are several defendants, when suit may be brought in any county in which either defendant may reside, and process may then be sent to any county in which the others may reside.

The third section limits the operation of the first, and declares that its provisions shall not apply to any case where the plaintiff is resident of, and the contract is actually made in, the county in which the action is brought.

Whether both things must concur, the residence of the defendant in, and the contract must be "actually made in the county where suit is brought," before process can be sent to another county, is not necessary to be determined in this case, as appellant was neither a resident of Cook county, nor was the contract "actually made" in that county. The evidence shows that the proposition for appellant to consign

grain to appellees was made in LaSalle county, and by shipping the corn and writing the letter from that county, he accepted it at that place. Each and every act which he did in making the contract, was performed in LaSalle county, and we are at a loss to perceive how it can be supposed he did any act in Cook county, connected with or out of which the agreement arose. So far as we can see from the evidence, he may never have been in Cook county, nor does the evidence show that any agent of his did anything connected with the contract in Cook county. On the contrary, one of appellees called upon him in LaSalle county, and there made the proposition to do appellant's commission business, and he accepted the proposition in that county.

Then it is clear, that the contract was actually made in La Salle, and not in Cook, county. Nor is it an answer to say, the law implied a promise to pay this money in Cook county, because the money was deposited there on the order of appellant. Where the law implies a contract, it cannot be said to be a contract actually made by the parties at a place, unless the parties are present and perform the acts out of which the law implies the contract.

These views are in accordance with and based upon the case of *Mahoney* v. *Davis*, 44 Ill. 288. This case is like that in all of its essential facts, and must, therefore, be controlled by it. The court below erred in finding the issues for appellees, and in rendering judgment in their favor, which is reversed and the cause remanded.

*Judgment reversed.*