## JOSIAH MARTIN *et al.*

*v.*

## BENJAMIN BREWSTER *et al.*

SENDING PROCESS TO A FOREIGN COUNTY. Where the defendant in an action in which the summons was sent to a foreign county for service, pleads in abatement, that the cause of action did not accrue, and was not specifically made payable, in the county in which the suit was instituted, and an issue is formed upon such plea, if the plaintiff fails to prove that the cause of action did accrue, or was specifically made payable, in the county from whence the writ issued, it is error to render a judgment in his favor.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of assumpsit, brought by Brewster, Templeton & Co., in the circuit court of Cook county, against Martin & Hogue, upon an account of which this is a copy:

" Messrs. MARTIN & HOGUE,
$$\qquad\qquad\text{In account with Brewster, Templeton \& Co.}$$

1867.

Sept. 14.   *Dr.* To cash paid for oats to fill contract with Dean, Low & Co.,

     1846.08 bush. at 55½c.....................................$1,080.17

     1745.30   "    " 56c......................................... 960.26

     3692.06                       $2,040.43

      665.30 bush. from M. & H., sale 755

      641.28   "    "   M. & H.,   "   766

     5000.00 bush. amount of sale.

*Dr.* To commissions for purchase and sale of 3692.06 at 1c.......... 36.92

     " government tax on sale of 1476.88......................... 1.48

                                   $2,078.83

$$\qquad\qquad\qquad\qquad\text{\textit{Cr.}}$$

Sept. 14. By sale of 3692.06 bush. oats at 40c...................... 1,476.88

                 Balance due B., T. & Co.....................$ 601.91

E. & O. E.    CHICAGO, Sept. 14th, 1867."

The summons sued out in the cause was sent to the sheriff of Warren county for service upon the defendants in that county, and it was returned served.

The defendants filed a plea in abatement, alleging, first, that the defendants, at the commencement of the suit, were, ever have been since, and still are residents of Warren county, and neither have been found nor served with process in Cook county; second, that said debts, contracts or causes of action, if accrued, did not accrue in said Cook county, nor were they made payable in said Cook county.

The plaintiffs replied, first, that the said contracts, debts and causes of action, each in the said plaintiff's declaration mentioned, were specifically made payable in the said county of Cook; second, that the said debts, contracts and causes of action, mentioned in said plaintiff's declaration, did actually accrue in said county of Cook.

The plaintiffs called on Hill, who testified as follows:

"I am book-keeper for plaintiffs. The moneys described in account attached to declaration as advanced by plaintiffs were so advanced in Chicago at the request of defendants. The defendants agreed to pay interest at ten per cent.; this was the course of dealing between the parties—to allow interest; I have computed the interest, and the debt, principal and interest amounted to $637.05."

This was all the testimony in the case. A verdict was returned for the plaintiffs, and their damages were assessed at $637.07, and judgment accordingly.

The defendants thereupon took this appeal. The question presented on the assignment of errors is, whether the circuit court had jurisdiction to send its process to a foreign county.

Mr. GEORGE F. HARDING, for the appellants.

Mr. WM. C. GRANT, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The judgment in this case, on the authority of *Mahony* v. *Davis*, 44 Ill. 288, must be reversed.

The plaintiff made no proof under the issue on the plea in abatement that the cause of action accrued in Cook county, or that it was specifically made payable in that county.

The judgment is reversed and the cause remanded.

*Judgment reversed.*