# WILBUR H. ROBINSON *et al.*

## *v.*

# JAMES PARISH.

1. EVIDENCE—*burden of proof.* When the plaintiff declares generally for work and labor done, and materials furnished, and the defendant files the general issue with notice that he will insist on the trial that the work was performed under a written contract, the burden of proof is not thrown upon the plaintiff to show an abandonment of the special contract, until the defendant has proved the averment in his notice.

2. NEW TRIAL—*finding of jury.* When the testimony in respect to a material fact, is contradictory, and can not be reconciled, as the jury have the advantage of judging from the manner, appearance, and interest of the witnesses, this court will not disturb their finding.

APPEAL from the Superior Court of Cook County; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs J. C. & J. J. KNICKERBOCKER, for the appellants.

Mr. JOHN W. BENNETT, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The errors assigned are:

*First.* That the court erred in giving the second instruction for appellee.

*Second.* That there was a non-joinder of a proper plaintiff.

*Third.* That the verdict was against the evidence.

The second instruction was: " that the burden of proving that the work and materials were furnished under the written contract, is upon the defendants in this case; and they are required to establish that fact by a preponderance of evidence. If a written contract for the doing of the work be proved, then the burden of proof is on the plaintiff to show that such contract was abandoned before recovery for such work otherwise than under the written contract."

The action was assumpsit for work and labor done, and materials furnished. The plea of the general issue was filed, and a notice that it would be insisted on the trial, that the work was performed under written contract, set out in the notice.

The pleadings, as assumed by counsel, did not throw upon appellee the burden of proof of abandonment of the contract, until appellants proved the averments in their notice. No principle of law required this. If there had been a formal plea of set-off, appellants would have been bound to prove it. They would then have assumed the attitude of plaintiffs. The plea of non-assumpsit, with notice of special matter, having been filed, an issue was joined; and the parties must then prove the affirmative averments made by them respectively. The plaintiff must prove his cause of action under the common counts; and the defendants must prove the performance of the work under the written contract. Then only would it devolve on the plaintiff to show an abandonment of such contract. *Kelly* v. *Garrett,* 1 Gilm. 649; 1 Saund. on Plead 1088; *Burgwin* v. *Babcock,* 11 Ill. 28.

The rule contended for by counsel for appellants, would require the plaintiff not only to prove his own case, but then to establish that of his adversary.

The cases cited bear no analogy to the one at bar. In *Martin* v. *Brewster,* 49 Ill. 306, the defendant filed a plea in abatement, that the cause of action did not accrue in Cook County. The defendant replied, that it did accrue in Cook County, but offered no proof to sustain the replication. He assumed the burden of proof, and made none.

In the case of *Bentley* v. *Bentley, Executor,* 7 Cowen, 701, the declaration was on a note, given by the testator to the plaintiff. The defendant pleaded *plene administravit.* The plaintiff replied, that defendant had goods and chattels, etc. The court decided that the burden of proof was on the plaintiff.

The substantial part of the plea was, that the defendant had no goods and chattels. In a note to *Noel* v. *Nelson,* 2

Saund. 221, Sergeant Williams says, the words that they have fully administered the goods, etc., seem to be superfluous. The more formal and correct way of pleading appears to be, that they have no goods or chattels, omitting the words, that they had fully administered.

The replication was, therefore, affirmative, and proof of its averments devolved upon the plaintiff.

In the case at bar, the plaintiff below filed no replication to the notice of set-off. He could not have done so, for the reason that it was no plea. By the pleadings, therefore, he assumed no affirmative, so far as the written contract was concerned.

The instruction was substantially correct, and could not mislead.

The other errors assigned depend wholly upon the evidence.

Appellee testified that no person was interested with him in the work performed, and that it was not done in pursuance of the written contract; and that the writing was wholly abandoned and surrendered before the commencement of the work.

His statement is, to some extent, corroborated, but is positively contradicted by the opposite party. To whom shall the most credit be given? How can we harmonize the diverse statements?

The manner, appearance, and interest of the witnesses were observed and closely watched by the jury, and necessarily and properly influenced their conclusion. These are not imaged to us in the record.

There is no reason for reversal, and the judgment is affirmed.

*Judgment affirmed.*