The David M. Force Manufacturing Company

*v.*

Oliver H. Horton *et al.*

1. Exceptions — *when necessary.* When a cause is, by consent, tried by the court, without the intervention of a jury, and no exception is taken to the finding of the court and the judgment thereon, error cannot be assigned on such finding and judgment, in the Supreme Court.

2. It is not sufficient for the order allowing an appeal to the Supreme Court from a judgment of the circuit court, to state that exceptions were taken to the judgment appealed from. Such exceptions should appear in the bill of exceptions.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Gookins & Roberts, for the appellants.

Mr. James E. Munroe, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

Appellees brought an action of assumpsit, in the Superior Court of Cook county, against appellants, to recover a sum of money claimed to have been advanced by them at their request to procure a large amount of insurance on their

property. A trial was had before the court, by consent, a jury having been waived. The court found the issues for the plaintiffs, and assessed their damages at $1,492.65, for which amount a judgment was rendered. Defendants prayed an appeal, which was granted, and the record is brought to this court to obtain a reversal.

The errors assigned are, that the court erred in finding the issue, upon the evidence submitted, for appellees when the finding should have been in favor of appellants, and in rendering judgment in favor of appellees when it should have been in favor of appellants. No exceptions were taken to the finding of the issues by the court, or the final judgment rendered.

The case of *Mahony* v. *Davis*, 44 Ill. 288, holds that it is not necessary to ask the court to review the evidence which had already been maturely considered. It nowhere intimates that an exception to the finding is not necessary. Again, the statute (sec. 22, Practice act, R. S. 1845) expressly requires an exception before the evidence can be reviewed, when the trial is had by the court. That section provides that "Exceptions taken to opinions and decisions of the circuit courts upon the trial of causes in which the parties agree that both matters of law and fact may be tried by the court * * * without the intervention of a jury, shall be deemed and held to have been properly taken and allowed, and the party excepting may assign for error, before the Supreme Court, any decision or opinion so excepted to, whether such exception relates to receiving improper or rejecting proper testimony, or to the final judgment of the court upon the law and evidence."

The statute is explicit in the requirement, and we are powerless to dispense with or disregard its directions. The cases of *Dickhut* v. *Durrell*, 11 Ill. 72, and *Parsons* v. *Evans*, 17 id. 238, are in point on this question. The case of *Jones* v. *Buffum*, 50 Ill. 277, makes the distinction, that a motion for a new trial in a case like this need not be overruled, excepted to and preserved in a bill of exceptions, where there is an excep-

tion preserved to the final decision. See also *Metcalf* v. *Fouts*, 27 Ill. 110. The record as presented does not authorize us to examine and pass upon the errors assigned.

If it should be said that the order allowing the appeal states that exceptions were taken, the answer is, that the exceptions do not appear in the bill of exceptions. See *Boyle* v. *Levings*, 28 Ill. 314; *Drew* v. *Beall*, 62 ib. 164. So that, in any view of the case presented by the record, the questions sought to be discussed are not properly before us for decision. But we have examined the evidence, and will say that it does not, we think, violate the principles of justice, even if some technical rule may have been disregarded.

The judgment of the court below is affirmed.

*Judgment affirmed.*