Duchardt v. The People ex rel.

Porter v. Wilson, 1 Harris 641; Slone v. Thomas, 2 Jones 209; Starkie on Ev. 245; Wharton on Ev. § 133.

---

## WILLIAM DUCHARDT

### v.

## THE PEOPLE EX REL., etc.

BILL OF EXCEPTIONS.—As the bill of exceptions signed by the judge who tried the case below failed to show that any exceptions were taken to the rulings of the trial court, this court can not consider the questions involved in this case. Although the clerk has copied into the transcript a statement that certain rulings of the court were excepted to, this was no part of his duty and does not entitle such statement to be regarded as a part of the record.

ERROR to the Circuit Court of Cass county; the Hon. C.

EPLER, Judge, presiding.   Opinion filed February 7, 1883.

Mr. R. W. MILLS, for plaintiff in error; cited McMullen v. Lee, 78 Ill. 443.

Mr. R. R. HEWITT and Mr. HENRY PHILLIPS, for defendants in error; cited Session Laws of Penn. 1835–6, §§ 28–31, p. 547; Sterling v. Commonwealth, 2 Grant (Penn.), 162.

PER CURIAM.   An insuperable obstacle to considering the questions present in plaintiff's brief is presented by the fact that the bill of exceptions signed by the judge who tried the case fails to show that any exceptions were taken to the rulings of the trial court.

It is true the clerk has copied into the transcript a statement that certain rulings of the court were excepted to, but this was no part of his duty, and does not entitle such statements to be regarded as a part of the record.

All exceptions either to the rulings of the court during the trial or to the final judgment must be preserved by a bill of exceptions signed and sealed by the judge who tried the cause, whether the same was tried by the court with or without a jury.   David M. Force Manufacturing Co. v. Oliver H. Horton, 74 Ill. 310.

Judgment affirmed.