## VIRGINIA WOLF AND ABRAM D. WOLF
### v.
## GEORGE W. CAMPBELL.

*Practice—Trial by Court—Assignment for Error that Evidence does not Support Finding and Judgment—How Preserved—Forcible Entry and Detainer.*

Where a cause has been tried by the court without the intervention of a jury, in order to have an assignment for error that the finding and judgment of the court below is not supported by the evidence, considered, the record must show that exception was taken to the finding and judgment, or a motion for a new trial made and overruled and exception thereto. This can only be done by having them incorporated into the bill of exceptions signed and sealed by the trial Judge. They do not become a part of the record because they may appear in the judgment order of the court, or in the order allowing the appeal, and there merely certified to by the clerk as part of the transcript.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Jefferson County; the Hon. CARROLL C. BOGGS, Judge, presiding.

Messrs. POLLOCK & SONS, for appellants.

Mr. ALBERT WATSON, for appellee.

PILLSBURY, J. This is an action of forcible detainer commenced by the appellee to obtain possession of certain premises under the sixth clause of Sec. 2 of the statute relating to forcible entry and detainer, Chap. 57, R. S. The parties waived a jury at the last December term of the Circuit Court

of Jefferson County, and submitted all questions of fact as well as of law to Judge Boggs, then presiding, who found the issues for the plaintiff and entered judgment accordingly, from which the defendant below appealed.

No substantial objections appear to the complaint or the notice served to deliver possession to the plaintiff, nor is any urged that the judgment is not supported by the complaint. The record proper of the case shows no error in the action of the court, and indeed it is not contended that it does, the principal objection being that the evidence does not show a right of possession in the plaintiff below. The appellee, while insisting that this objection is not well founded, makes the point that no exception was taken to the finding of the court below, nor motion for a new trial made and preserved by a bill of exceptions in such manner that the question can be noticed by this court.

Upon looking into the record we find that in the judgment order, copied into the transcript by the clerk, there is a statement that the defendants except to the finding and enter their motion for a new trial, which motion was overruled, etc.; and judgment following, the defendants except thereto, and pray an appeal which is allowed upon terms therein stated. No exception to the finding or judgment nor the motion for the new trial is, however, incorporated into or preserved by the bill of exceptions signed and sealed by the Judge below, and the question arises whether such statement in the judgment order as certified by the clerk, is such a preservation of the motion and exception as to bring before us the sufficiency of the evidence to sustain the finding of the issues in favor of the appellee.

By Sec. 10 of the act creating Appellate Courts it is provided that "the process, practice and pleadings in said courts shall be uniform and shall be the same as the process, practice and pleadings now prescribed, or which may hereafter be prescribed in and for the Supreme Court of this State so far as applicable." Under this provision we understand that the Appellate Courts have uniformly endeavored to conform to the decisions of the Supreme Court relative to the proper

practice that should be observed in cases brought to that court. Sec. 60 of the Practice Act provides that "exceptions taken to decisions of the court upon the trial of causes in which the parties agree that both matters of law and fact may be tried by the court, and in appeal cases tried by the court without the intervention of a jury, shall be deemed and be held to have been properly taken and allowed, and the party excepting may assign for error before the Supreme Court any decisions so excepted to, whether such exceptions relate to receiving improper or rejecting proper testimony, or to the final judgment of the court upon the law and evidence." Under this section of the statute the Supreme Court has uniformly held that where a cause has been tried by the court without the intervention of a jury, and it is desired to assign for error that the finding and judgment of the court below is not supported by the evidence, in order to have that assignment considered, the record must show that exception was taken to the finding and judgment, or a motion for a new trial made and overruled and exception thereto, and it has been thought by some of the profession that in such case an exception to the finding and judgment alone would not be sufficient to raise the question, but it was necessary, in all cases, that a motion should be made for a new trial, and Bills v. Stanton, 69 Ill. 51, Reichwald v. Gaylord, 73 Ill. 503, and Nimmo v. Kuykendall, 85 Ill. 476, have been referred to as sustaining this view. An examination of those cases will show that in Bills v. Stanton and Nimmo v. Kuykendall, the record does not disclose that an exception had been taken to the finding, and in Reichwald v. Gaylord, the cause was tried by a jury, where an exception merely would not be proper practice; consequently the sufficiency of an exception to the finding of the court was not, and could not well be raised in those cases, and they are not, therefore, inconsistent with Metcalf v. Fouts, 27 Ill. 110, 114, Mahoney v. Davis, 44 Ill. 288, 291, Jones v. Buffum, 50 Ill. 277, and the Force Mfg. Company v. Horton, 74 Ill. 310, where it is held that such exception properly preserved would avail the party assigning such errors. Whether the question be made upon motion for new trial or by exceptions to finding

and judgment of the court, it is necessary that the course pursued and the exceptions to the ruling of the court should be properly preserved in the record and presented by it. This, as we understand the rule, can only be done by having them incorporated into the bill of exceptions, signed and sealed by the Judge trying the case. Such motions or exceptions do not become a part of the record because they may appear in the judgment order of the court or in the order allowing the appeal and there certified to by the clerk as a part of the transcript, as the law requires the certificate of the Judge, and not of the clerk, to such fact. Boyle v. Livings, 28 Ill. 314; Gill v. People, 42 Ill. 321; Drew v. Beal, 62 Ill. 164; Nason v. Letz, 73 Ill. 371; Reichwald v. Gaylord, 73 Ill. 503; Force Mfg. Co. v. Horton, 74 Ill. 310; Martin v. Foulke, 114 Ill. 206. That the practice in the Supreme Court, as settled by the above decisions, and many others that might be cited, is the rule by which the Appellate Courts are to be governed in like cases, is made clear by the case of James v. Dexter, 113 Ill. 654, which was tried by the court without a jury, and an appeal taken to the Appellate Court of the First District, where the principal error assigned was that the court below erred in finding the issues involved in favor of the plaintiffs and against the interpleader. The judgment being affirmed in the Appellate Court, a further appeal was prosecuted to the Supreme Court. The court, after holding that the merits of the case could not be considered in that court, nor in the Appellate Court, for want of a certificate of the Judge that the bill of exceptions contained all of the evidence introduced upon the trial, say upon the point now under discussion: "But there is another reason equally conclusive why the Appellate Court could not review the judgment of the trial court. It does not appear from the bill of exceptions that any motion for a new trial was made in the Superior Court, or that any exceptions were taken to the finding of the court. It is true it does appear from the transcript of the record as made up by the clerk, a motion was made for a new trial and that exceptions were taken to the decision of the court overruling the motion. But that is not sufficient. It must appear, as has

been held by this court in numerous decisions, that the fact that a motion for a new trial was made and overruled and exceptions taken—or where the trial is by the court without a jury, that exceptions were taken to the finding and decisions of the court—are contained and preserved in the bill of exceptions, otherwise the case will not be reviewed in the Appellate Court." And it is said: "That in any view that can be taken of the case presented by the record, the questions discussed by counsel were not properly before the Appellate Court for decision, and no error is perceived in its judgment." The condition of the record in that case, and the one before us, so far as the question that the finding and judgment are against the evidence is involved, are essentially the same, and that question not being properly before us for consideration, and no error appearing in the record proper, the judgment of the court below will, upon the authorities cited, be affirmed.

*Judgment affirmed.*