City of Mt. Vernon v. Satterfield.

---

## City of Mt. Vernon v. Elizabeth P. Satterfield.

1. PRACTICE—*Motion for a New Trial—To be Preserved in the Bill of Exceptions.*—Unless there is a motion for a new trial, and that motion is preserved in the bill of exceptions and an exception taken and preserved to the action of the court thereon, the Appellate Court can not consider errors assigned that relate to the overruling of such motion.

2. PRACTICE—*Exceptions to Overruling Motion for a New Trial.*— Where the bill of exceptions shows that exception was taken to the judgment of the court on the verdict but does not show that exception was taken to the action of the court in overruling the motion for a new trial, such action can not be assigned for error.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1893 and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

*Instructions on the exercise of due care, referred to in the opinion:*

(1.) For the plaintiff. The court instructs the jury that the defendant is bound, in law, to use all reasonable care to keep its sidewalks in a safe condition for travel, and if it fails to do so, it is liable for injuries sustained in consequence of such neglect; provided the person injured is using reasonable care and caution for his or her own safety at the time of the injury; and the fact that the plaintiff may have in some way contributed to the injury sustained by him or herself will not prevent a recovery, if by ordinary care he or she could not have avoided the consequence to herself by the defendant's negligence.

(2.) For the defendant. The jury are instructed that in this case the plaintiff must prove, by a preponderance of evidence, that the alleged injury was caused by a defect in the sidewalk, as charged in the declaration; and that the city had notice of such defective condition, for such a length of time as, by the exercise of reasonable diligence, the defect could have been discovered, and time had, before the alleged accident occurred, to repair the walk, and that at the time of the alleged injury, the plaintiff used due care and diligence for her own safety in passing over said walk; and unless you believe, from a preponderance of the evidence, that the accident did occur as charged, and that the city had actual or constructive notice of the defect in the sidewalk, if there was any, and that the plaintiff exercised due care and diligence for her own safety, you should find the defendant not guilty.

NORMAN H. Moss, attorney for appellant.

G. B. LEONARD, attorney for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment of $300 damages for an injury sustained by falling on a defective sidewalk. That the appellee was quite badly hurt is not disputed. That the walk was defective and had been so for such a length of time as to constitute notice to appellant, we think is clearly sustained by the evidence. The principal point made by appellant is that the appellee did not exercise due care.

The court properly instructed the jury on this question, which found against the appellant.

The court and jury had the witnesses before them, and without the finding is clearly against the evidence, an appellate court is not disposed to disturb a verdict. In this case, however, we are precluded from a consideration of that question.

The record shows that a written motion for a new trial was not filed until the day after the record motion had been overruled. Unless there is a motion for new trial and that motion is preserved in the bill of exceptions, and exception taken and preserved to the action of the court thereon, this court can not consider errors assigned that relate to the overruling of such motion. Dickhut v. Durrell, 11 Ill. 72; Boyle v. Levings, 28 Ill. 314; Graham et al. v. People, 115 Ill. 566.

The bill of exceptions shows that exception was taken to the judgment of the court on the verdict, but does not show that exception was taken to the action of the court in overruling the motion for a new trial. The judgment will be affirmed.