### James Dinsmoor v. James H. Woodburn.

1. APPELLATE COURT PRACTICE—*Exceptions, How Taken and Preserved.*—Exceptions can only be taken and preserved by a bill of exceptions. Where a case is tried by the court without a jury, it is not necessary that a motion for a new trial should be made, overruled, and

exceptions taken, but it is necessary that there should be an exception to the finding and judgment.

**Memorandum.**—Appeal from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE. Judge, presiding.    Heard in this court at the December term, 1893, and affirmed.    Opinion filed May 22, 1894.

JARVIS DINSMOOR, attorney for appellant.

JOHN G. MANAHAN, attorney for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is an action of debt brought by appellee against appellant and Phebe A. Woodburn. Appellant was alone served with process and he appeared and filed a plea of *non est factum* together with a notice of certain alleged garnishment proceedings against him by judgment creditors of appellee in reduction of his liability to appellee, and a tender of $39.39 balance due and costs of suit. Issue having been taken on the plea, a jury was waived and the cause was submitted to the court for trial. The court found the issues for appellee and assessed his damages at $200, whereupon judgment was rendered against appellant for the debt and damages, to be discharged on payment of the damages and costs.    From that judgment this appeal was taken.

The errors assigned are as follows:

"1st.    The court erred in overruling defendant's motion for a new trial.

2d.    The court erred in assessing damages at $200 against the defendant (appellant).

3d.    The court erred in disallowing the garnishment proceedings and the tender of $39.39 introduced in evidence by appellant.

4th.    The court erred in rendering judgment against appellant."

Evidence of the garnishment proceedings and tender was introduced and received by the court, and no error is assigned upon the admission or rejection of evidence, but

the objection made under the third assignment is that the finding of the issues and judgment of the court were against the evidence so introduced.

The errors assigned question the finding and judgment, and none of them can be considered for the reason that the record contains no exception to the finding or decision or to the judgment rendered. The clerk has recited in the transcript of his record that a motion for a new trial was made and overruled and that exception was taken, and that defendant excepted to the judgment, but such statements can not be taken as a part of the record.

Exceptions can only be taken and preserved by means of a bill of exceptions. As this case was tried by the court without a jury, it was not necessary that a motion for a new trial should be made and overruled and exception taken, but it was necessary that there should be an exception to the finding and judgment. Mahoney v. Davis, 44 Ill. 288; David M. Force Man'f'g Co. v. Horton, 74 Ill. 310.

The bill of exceptions in this case contains no allusion to any finding or decision of the court or to any judgment, nor any exception thereto, and we are therefore precluded from reviewing the judgment upon the alleged errors assigned. Parsons v. Evans, 17 Ill. 238; Daniels v. Shields, 38 Ill. 197; David M. Force Man'f'g Co. v. Horton, supra; Martin v. Foulke, 114 Ill. 206; James v. Dexter, 113 Ill. 654; Graham v. People, 115 Ill. 566; National Bank et al. v. Le Moyne et al., 127 Ill. 253. The judgment will be affirmed.