Metcalf v. Fouts.

E. Mullett, deceased, and Benedict Mullett, for he (defendant) would retain authority to dismiss them (John E. and Benedict Mullett) at any time. There was no attempt to close the partnership afterwards, and no agreement made.

*Benedict Mullett* testified, that there was no partnership agreement ever made between defendant, Samuel Mullett, John E. Mullett, and witness; that it was talked of in the spring, but no partnership ever formed as he knew of, and he worked all the time with them.

This was all the testimony submitted in the cause.

By agreement of parties, this cause to be tried by the Supreme Court, at Springfield.

GEORGE W. SHUTT, and L. STEVENSON, for Appellant.

S. C. MOORE, for Appellee.

---

JOHN A. METCALF, Appellant, *v.* ANDREW B. FOUTS, Appellee.

APPEAL FROM EDGAR.

On a settlement of partnership affairs, if it is agreed that one of the partners shall collect a note and accounts, for the benefit of both, it will be presumed, that the money, as fast as received, should be divided between the parties.

In cases tried by the court, errors may be assigned as to the law and fact upon the judgment.

THIS was an action of assumpsit, brought by Andrew B.

Fouts against John A. Metcalf. The declaration contains only the common counts. The one relied on in the trial below, was the count for money had and received. To the declaration the defendant pleaded the general issue. A jury was waived, and the cause tried by the court, who rendered judgment in favor of the plaintiff for the sum of $321.35, from which the defendant below prayed an appeal to this court, which was granted.

On the trial of the cause, the plaintiff below introduced as a witness *John J. Fouts*, who testified that he was clerk for defendant, Metcalf; that said Metcalf and plaintiff, Fouts, had been partners, trading in horses and mules. Fouts, the plaintiff, had sold a lot of them in Iowa, and taken notes for a part of the proceeds, in his own name. Metcalf became afraid about the safety of his interest in the notes. He had furnished the capital and they were to divide the profits. Witness passed several times between the parties in proposing terms. Metcalf wanted security, and demanded interest on the capital advanced by him. At last the plaintiff, Fouts, agreed that, if Metcalf would settle up the partnership matters finally, he would arrange matters. There was some difference about interest, and at last Fouts agreed that if Metcalf would pay a note which he (Fouts) owed to one Redmon for $770, and would make settlement of the partnership, as stated, that he would allow Metcalf the interest in controversy; and they made a computation of their accounts as to everything except an account due the firm in Cincinnati, for feeding mules, and found there would be due the plaintiff on the final adjustment of the matters as stated, three hundred dollars of the six hundred dollar note in Iowa. The amount of the Cincinnati account was not known at the time. It was agreed that when the account was collected, it should be divided between the parties equally. Metcalf was to collect the account. Metcalf afterwards collected between seventy and eighty dollars of the account. There was one note in Iowa for six hundred dollars, as I understood from the parties, and it was agreed that it should be placed in the hands of the witness for collection, and when collected, to be paid by witness, to each the amount due them—three hundred and fifteen dollars to be paid to the plaintiff, Fouts, as balance due him as aforesaid. The plaintiff then gave witness an order for the note or proceeds thereof. And afterwards, Henry S. Metcalf was about to go to Iowa to collect some notes which had been transferred to his father; the defendant remarked, that witness had better get Henry S. Metcalf to collect it also, as it would save costs; and witness transferred his order to Henry S. Metcalf, at the sugges-

tion of the defendant. Witness identified the order, which was read in evidence, viz. :

"*Messrs. Isett & Bruster :*

"Pay to John J. Fouts, or order, the proceeds of a certain note against the St. Johns, which Phelps left with you for collection, in favor of me ; or if protested, deliver said note to him or his order.

"*September* 9, 1857.                    . A. B. FOUTS."

On the back of the order was the following indorsement :

"Deliver to H. S. Metcalf the proceeds of the within named notes for me.
"*October* 23, 1857.                    JOHN J. FOUTS."

On cross-examination, witness admitted that he was, by agreement of the parties, to collect the six hundred dollar note, and pay to each three hundred and fifteen dollars, that being the amount due to each by the settlement. The plaintiff was to pay it.

*Henry S. Metcalf* testified : There had been four hundred dollars collected on the note; three hundred at one time, and one hundred at another. Witness don't know whether the money was sent to him or his father, but his father had got the money through witness. Witness received the order from John J. Fouts, who said, when he transferred it to witness, he knew he (witness) would do what was right in the matter. On that order witness got the note from the bankers whose hands it was in, and left it with a friend for collection, who agreed to do so and charge nothing for it. The money above stated was collected and remitted, and received by defendant.

Some three hundred and fifty dollars remain uncollected, a good deal of interest having accrued on the note. The note is held subject to the order of witness, and never was under the control of the defendant, Metcalf. Witness acted in obtaining note under the authority conferred by the assignment of the order to him by John J. Fouts; was present part of the time on the 9th of September, when the adjustment was made, and the agreement entered into, that John J. Fouts should collect the six hundred and thirty dollars and pay to each one-half of it ; did not understand it to be a full settlement of the partnership transactions. The books were not squared, nor any entry of a settlement made. The account on the books was introduced in evidence.

There was an account due the firm for feeding mules in Cincinnati, which was not known at the time. Witness made a trip to Iowa to collect notes which had been transferred to

defendant, and the six hundred dollar note. (Defendant here offered to prove what witness' time was worth in collecting said note, or trying to collect it, which the court refused to admit, and to which ruling of the court, in rejecting said evidence, the defendant at the time excepted.) Witness proved that he made two trips to Iowa in collecting or trying to collect notes which had been transferred to defendant, and the six hundred dollar note. One trip cost $28.50 and the other $33.

The errors assigned are, that,

The court erred in rejecting evidence of the value of the time of Henry S. Metcalf in collecting, or trying to collect, the six hundred dollar note.

The judgment of the court is contrary to the law and evidence in the case.

The finding of the court is contrary to the evidence in the case.

The court erred in overruling the defendant's motion for a new trial.

A. GREEN, for Appellant.

JOHN SCHOLFIELD, for Appellee.

WALKER, J. This cause was tried, in the court below, without the intervention of a jury, by consent of the parties. It is assigned for error, that the court below, excluded evidence of the expenses of collecting the money sued for, and that the finding is against the evidence.

It appears from the evidence contained in the record, that the parties had been jointly engaged in the purchase and sale of horses and mules. That on a settlement of their firm business, there remained to be collected a note, on parties in Iowa, for the sum of $630; also an account against some person in Cincinnati, for feeding mules, the amount of which, at the time of the settlement, was not known. It also appears, that on the settlement, there was due appellant three hundred and fifteen dollars of the Iowa note. It was then agreed that the account should be equally divided, when collected. It appears, that the witness Fouts was to collect the note for the parties, and pay to each of the parties one-half. It also appears, that an order was given to John J. Fouts, on persons in Iowa who had the note for collection, for the note or its proceeds, which he afterwards transferred to Henry S. Metcalf, who collected at one time three hundred, and at another

one hundred dollars, which he paid to appellant. It likewise appears, that appellant collected on the account, seventy-five dollars.

From a reasonable and fair construction of the arrangement we have no hesitation in saying, that the parties designed the money to be equally divided, as the same should be collected. It cannot be, that it was their intention, that the different payments which might be received should remain in the hands of the agent or of either party, until the entire sum was received, before a division should be had. Nor had the appellant the right to receive his full share out of the first moneys collected, but only an equal portion as it should be received. The evidence shows that there had been collected and was in the hands of appellant, from four hundred and seventy-five to seventy-eight dollars, one-half of which, according to the settlement, belonged to appellee, and which he had a right to recover. It would therefore appear, that this judgment was too large, and the court erred in its finding.

It is, however urged, that the appellant cannot assign error on this judgment, because no reasons for a new trial were filed in the court below. Under the 22nd section of the practice act, the parties are authorized to assign error on the final judgment, upon both the law and the evidence, in cases of trial by the court without a jury. Even if error cannot be assigned for the overruling the motion for a new trial, in such a case, yet as error may be assigned on the final judgment, there can be no force in the objection. The court under that section is authorized to consider both the law and evidence, and determine whether error has intervened in rendering the judgment.

It is also urged, that the court below should have received evidence of the value of Henry S. Metcalf's time in collecting, and trying to collect the Iowa note. The proof shows that he was going to Iowa on other business, and was to attend to this matter without charge. It, therefore, would have been improper to make any allowance for his time, unless it had been proved that a different arrangement had been made. No such proof was offered, and there was no error in excluding this evidence.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*