WILLIAM B. JONES *et al.*

*v.*

EZEK C. BUFFUM.

1. EXCEPTIONS—*whether necessary.* Under the 22d section of the Practice Act (Scates' Comp. 263), parties may assign error on the final judgment, upon both the law and the evidence, in case of trial by the court without a jury; and no formal exception to overruling a motion for a new trial, is necessary, nor is any motion for a new trial necessary. The court, under that section, are authorized to consider both the law and the evidence, and determine whether error has intervened in rendering the judgment.

2. FORMER DECISIONS.—The case of *Metcalf* v. *Fouts*, 27 Ill. 110, approved and applied. *Mahoney* v. *Davis*, 44 Ill. 288, cited to the same point.

3. CONSIDERATION—*partial failure of, in a note.* It is competent to show what was the real consideration of a note sued on, in order to impeach it. Under our statute, a party may plead the total or partial failure of consideration, alleging wherein and to what extent.

4. SAME—*in sale of real estate.* Under a plea of partial failure of consideration, it is competent for a defendant to show that a note was given in part for real estate and in part for improvements which were to be made thereon by the vendor, but which were not made; and their value is the extent of the failure of consideration. Such evidence would neither contradict nor vary the stipulations in the note or deed.

APPEAL from the Circuit Court of Logan county; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts sufficiently appear in the opinion.

Mr. WILLIAM B. JONES, for the appellants.

Messrs. HOBLIT & FOLEY, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit brought to the Logan Circuit Court, by Ezek C. Buffum, against William B. Jones and William M. Beson, on a promissory note made to Emily Bennet, and by her endorsed, after due, to the plaintiff. The plea was the general issue, with leave to the defendants to give in evidence all such matters as might be specially pleaded, whether set off, recoupment, payment, or partial failure of consideration.

The cause was tried by the court, and judgment for the plaintiff for the balance found due upon the note.

To reverse this judgment, the defendants appeal to this court.

At the threshold, appellee objects that the bill of exceptions does not preserve the motion for a new trial, and it is not shown that any exception was taken to the decision of the court overruling the motion, nor any allusion to it in the bill

of exceptions, and insists, therefore, that the judgment should be affirmed.

The record shows exception was taken to the action of the court in its finding and in its judgment.

In *Metcalf* v. *Fouts*, 27 Ill. 110, it was urged the appellant could not assign error on the judgment, because no reasons for a new trial were filed in the circuit court. This court said: " Under the 22d section of the Practice Act, parties are authorized to assign error on the final judgment, upon both the law and the evidence, in cases of trial by the court without a jury, and if error could not be assigned for overruling a motion for a new trial, in such a case, yet as error may be assigned on the final judgment, there can be no force in the objection, the court, under that section, being authorized to consider both the law and the evidence, and determine whether error has intervened in rendering the judgment." With equal force may it be urged, that no formal exception to overruling a motion for a new trial, was necessary. The cases cited on this point by appellee, were all cases of trials by jury, except the case of *Daniels* v. *Shields*, 38 Ill. 197. In the latter case, there was no bill of exceptions taken to the finding of the court, but a mere entry of a motion for a new trial. In this case, no motion for a new trial was made, and the case is, therefore, within the principle of the case of *Metcalf* v. *Fouts, supra*, and is in conformity with the 22d section of the Practice Act (Scates' Comp. 263). The same point was fully decided in *Mahoney* v. *Davis*, 44 Ill. 288.

The case will be considered as though a plea of partial failure of consideration had been interposed, and in that light, the testimony offered by the defendants, the makers of the note, was perfectly legitimate. It is every day's practice, under such a plea, to show by proof what was the real consideration of the note sued on, in order to impeach it, and such is the well settled law. Under our statute, a party may plead the note was given for no good or valuable consideration, or that the consideration has, wholly or in part, failed, alleging

wherein and to what extent. So it may be shown by parol, that the consideration for a conveyance of land, though expressed in the deed to have been received, has not, in fact, been received, as this court said, in *Kimball* v. *Walker,* 30 Ill. 482, and *Ayer* v. *McConnel,* 15 Ill. 232. It is not competent to vary the import of the deed by parol proof, but the consideration may be proved to be other and different than is expressed in the deed.

It was competent for the defendant to show for what the note was given, and then prove, that he did not receive the thing, or property, for which it was given. The note in suit, on its face, has no connection with the sale and conveyance of real estate, but under the plea it was competent for the defendant to show, it was given in part for real estate, and in part for improvements which were to be made by the vendor, on the land sold, which would make it of the value agreed to be paid. Such proof cannot be said to vary the terms of the contract —it goes to show what the real contract was, and then it is open to proof of failure, either partial or total. It is in harmony with the deed. Here the proof was, that the real estate sold to defendants was of the value of $5,000, the purchase price agreed upon, with a fence upon it of a certain value, for which the vendor had contracted at the time of the sale to the defendants, and also the erection of a portico of a certain value, which fence and portico were proved should have been of the value of near $400. These, with the land sold, were the consideration of the note, and the defendants had the undoubted right, under their plea of partial failure of consideration, to show the payee had failed to erect them, and their value would be the extent of the failure of the consideration. Such evidence would neither contradict nor vary the stipulations in the note or deed.

Suppose the consideration of the note was the land, on which the vendor was to build a house of a certain value by a certain time, and the house is not built? Surely, nothing

can be plainer, than there would be a partial failure of consideration, to the extent of the value of the house.

None of the cases cited by appellee are like this. That of *Farrar* v. *Hinch*, 20 Ill. 649, has some points of resemblance, but when examined, will be seen to be so unlike, as not to control this. That was an action upon notes given for a patent right, for which a deed of assignment was executed, expressing the contract in full. It was held, it was not competent for the defendants to show, by parol, that anything else than was expressed in the deed, was conveyed by it. The defendant in this case did not propose to show that anything else was to be conveyed to him, than was expressed in the conveyance, but that the consideration of the note was not only the land conveyed, but that there was to be a fence of a certain value erected upon it, and a portico of a certain style. Such proof goes directly to the consideration, and was proper.

Suppose A sells to B a tract of land warranted to contain one hundred acres, for which he receives the note of B. On actual measurement, it is found to contain but eighty acres. The deficiency goes to the consideration of the note, and can be pleaded as partial failure. The books are full of such cases.

We think it a clear case for the appellants. Their plea of partial failure of consideration, sustained by the proof, should have prevailed, and the finding should have been for the appellants.

Appellee contends such testimony enlarges the deed, and really makes a new deed between the parties. We do not so understand it. Here a note is given for a tract of land, the vendor to place upon that land certain improvements. He fails to make the improvements, and sues upon the note, it is clear, the defendants are at liberty to show the consideration of the note has failed to the extent of the value of these improvements, and this, without touching upon that salutary rule of law on which appellee so strenuously insists. We can perceive no principle of law which is violated by receiving

parol proof to show part failure of consideration of the note. We forbear any remarks upon the conduct of the payee of the note in regard to the quality of fence she erected. The one she had contracted to erect, at the time she sold to appellant, was to be of the value of $1.10 per foot; so soon as she sold, she changed the contract, by which change the fence she did erect did not cost more than 65 cents per foot, thus depriving appellants of the difference in these values.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*