## THE CITY OF ALTON

*v.*

## SOPHIA M. FOSTER, Exrx.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*section 61 of Practice act does not authorize Supreme Court to review facts.* Notwithstanding the parties to a suit at law agree that the court shall try all matters of law and fact without a jury, under section 61 of the Practice act, the judgment of the Appellate Court is conclusive of all controverted facts.

2. SAME—*propositions of law should be submitted though case is tried, by agreement, without a jury.* In order to raise questions of law for review on appeal to the Supreme Court from the Appellate Court in a suit at law, other than such questions as arise during the trial by rulings on pleadings, evidence and the like, propositions of law must be submitted, notwithstanding the parties try the case, by agreement, without a jury, under section 61 of the Practice act.

3. SAME—*effect of section 61 of Practice act.* The only effect of section 61 of the Practice act, concerning trials, by agreement, before the court without a jury, is that an exception taken to the final judgment has the effect to save for review all rulings of the court upon questions of evidence and upon propositions of law to

which exceptions were taken during the progress of the trial, without the necessity of a motion for new trial.

4. EVIDENCE—*stipulation on a former case not admissible in evidence.* Upon the trial of a suit at law without a jury, upon a stipulation of the facts, a stipulation of facts used on the trial of a former case between the parties which had been finally determined is not admissible, but its admission will not reverse where it contains nothing more than the stipulation in the case on trial.

5. MUNICIPAL CORPORATIONS—*when city is not liable for balance on public contract.* A contractor who agrees, under a provision of the improvement ordinance in conformity with the statute, to make no claim upon the city for the portion of the cost of the improvement to be raised by special assessment, cannot hold the city liable in assumpsit for a deficit in such assessment, although the city refuses to levy a new assessment to supply such deficit, which arose from the holding of the former assessment void, as to the property objected for, upon the ground that the ordinance was invalid, the contractor's remedy in such case being *mandamus.*

*City of Alton* v. *Foster*, 106 Ill. App. 475, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. M. W. SCHAEFER, Judge, presiding.

This is a suit in assumpsit, brought to the March term, 1900, of the Madison county circuit court by Robert F. Foster against the city of Alton. Foster has since died, and his executrix, Sophia M. Foster, prosecutes this suit. The action is for the recovery of a balance alleged to be due the plaintiff from the city for the construction of a certain sewer. Trial was had before the court, without a jury, under section 61 of chapter 110 of the Revised Statutes of Illinois.

The ordinance for the improvement was set out in the declaration, section 7 thereof being as follows:

"Sec. 7. Said contract shall contain, among other things, a covenant in substance to the effect that the contractor or contractors shall have no lien upon the city in any event, over and above the amount hereinbefore provided to be raised for said improvement by general taxation, if any, except from the collection of the

special assessment ordered to be levied, assessed and collected by the city council for said improvement."

The contract between the plaintiff and the defendant was also set out in the declaration and contained the following: "The said party of the first part further agrees to make no claim against the city in any event, except. for the city's share of the cost of the sewer, as above specified, and from the collection of the special assessments ordered to be collected for said improvements, and agrees to take all risks of invalidity of special assessments. The city shall in no event be liable by reason of the invalidity of said special assessments or of the proceedings therein, or for a failure to collect the same: *Provided, however*, that in case said assessments, for any cause whatever, be declared invalid and void, the city hereby agrees to make a new assessment to pay for said improvements."

The declaration further avers, that under the direct supervision of the city engineer and committee on sewage, Foster constructed, according to the ordinance and contract, a sewer along Second street, from a sewer in Piasa street to the junction of Third street and Second street; that by the order and under the direction of the city engineer and committee he connected said sewer with the sewer in Piasa street and with a sewer at the junction of Second and Third streets, which extended along Second street, and that the sewer so constructed was accepted by the city; that the city filed its petition in the county court against the property abutting on Second street from the east line of Piasa street to the west line of Ridge street, asking that the cost of the sewer mentioned in said ordinance should be assessed in the manner prescribed by law, and such proceedings were thereupon had in said county court that commissioners were appointed by said county court to make such assessment, and said commissioners, having duly qualified, made and reported to said court such assess-

ment, and afterwards, at the August term, 1892, of said county court, the owners of certain pieces of said property so assessed filed objections to the confirmation of said assessment, and said county court rendered judgment at its October term, 1892, sustaining said objections, and thereupon said city of Alton appealed from said judgment to the Supreme Court of the State of Illinois, and afterwards, on the 16th day of October, 1895, the Supreme Court affirmed said judgment of said county court and held the assessment null and void; that on the 29th day of March, 1896, Foster instituted an action of assumpsit against the city to recover the balance of $1245.65 due him for the construction of said sewer, basing his action on the allegation in his declaration that the ordinance was void and that no valid assessment could be made under it; that the city filed its plea to the declaration, in which it averred that since the assessment was held invalid it has stood ready and willing to make and levy a new assessment for the balance, and to do all things necessary and proper to collect from the property owners along the line of said improvement such sum or sums as may be required; that upon the trial of said cause the circuit court rendered judgment in favor of Foster for $1245.65, the balance due him; that the city appealed to the Appellate Court, where the judgment was reversed; that Foster then appealed to the Supreme Court, where the judgment of the Appellate Court was affirmed, on the ground that although the assessment was invalid the ordinance was not void, and that the city might make a valid assessment, as in its plea it had declared its willingness and readiness to do. The declaration further avers that after the decision of the Supreme Court holding that the city had the power to make a valid assessment to pay the balance due, Foster repeatedly and urgently petitioned and requested the city to provide a new and valid assessment, but that it has failed and refused to do so.

The city pleaded non-assumpsit and the Statute of Limitations. No demurrer was interposed to the declaration, nor were any propositions to be held as law submitted by either party. Plaintiff obtained judgment in the circuit court, which judgment, on appeal to the Appellate Court, was affirmed, and defendant prosecutes this appeal.

The errors assigned are: First, the circuit court erred in admitting improper evidence on the part of the plaintiff; second, the judgment is contrary to the law and the evidence; third, the circuit court erred in rendering judgment in favor of the plaintiff and against the defendant when by the law the judgment should have been in favor of defendant, and appellant therefore prays the judgment of the circuit court be reversed.

Alex W. Hope, and B. J. O'Neill, for appellant.

Levi Davis, for appellee.

Mr. Justice Ricks delivered the opinion of the court:

The bill of exceptions in this case contains the following recital: "It was agreed by the parties that a jury be waived and the issue tried by the court under section 61 of chapter 110 of the Revised Statutes of Illinois," and under this stipulation appellant contends that all matters of law and fact are, by virtue of the provisions of said section 61 of the Practice act, open for review by this court. Appellee does not controvert the position of appellant upon this question of practice, and it is therefore plain that counsel on each side of this case misapprehend the scope and application of said section so relied upon. Said section is as follows: "Exceptions taken to decisions of the court, upon the trial of causes in which the parties agree that both matters of law and fact may be tried by the court, and in appeal cases, tried by the court without the intervention of a jury, shall

be deemed and held to have been properly taken and allowed, and the party excepting may assign for error, before the Supreme Court, any decision so excepted to, whether such exception relates to receiving improper, or rejecting proper testimony, or to the final judgment of the court upon the law and evidence."

While the language of this section is broad, it must be construed with sections 42 and 90 of the Practice act as found in Hurd's Statutes of 1899. Section 42 provides: "In all cases, in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court; and upon such trial either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write, 'refused' or 'held,' as he shall be of opinion is the law, or modify the same, to which either party may except as to other opinions of the court." By section 90 it is provided: "The Supreme Court shall re-examine cases brought to it by appeal or writ of error as to questions of law only, and no assignment of error shall be allowed which shall call in question the determination of the inferior or Appellate Courts upon controverted questions of fact in any case, excepting those enumerated in the preceding section."

The cases enumerated in the preceding section are criminal cases; cases involving a freehold, franchise, the validity of a statute or construction of the constitution, and cases relating to the revenue, in which cases the appeals lie directly to this court. In cases coming from the Appellate Court to this court, such as the case at bar, the finding of that court is conclusive upon this court upon all matters of fact, and by section 90 this court is precluded from considering any question other than questions of law, and it has been uniformly held by this court that outside of the questions arising during the progress of the trial upon the rulings of the court,

upon the pleadings, the admissibility of evidence, and such matters, questions of law can only be preserved and presented to this court, when the trial is before the court without a jury, by written propositions, as provided for in section 42 of the Practice act. As early as 1881, in the case of *Tibballs* v. *Libby,* 97 Ill. 552, this question was fully considered without making special application to section 61, and it was there held that questions of law could only be preserved by the submission of written propositions, and such has been the holding through a long line of cases to the present time. *American Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 Ill. 547; *Commercial Nat. Bank* v. *Cauniff,* 151 id. 329; *Barber* v. *Hawley,* 116 id. 91; *Hardy* v. *Rapp,* 112 id. 359; *Farwell & Co.* v. *Shove,* 105 id. 61; *Swain* v. *First Nat. Bank,* 201 id. 416.

Appellant, however, very earnestly contends that this court has placed on this section 61 the construction now contended for, and cites *Jones* v. *Buffum,* 50 Ill. 277, *Sands* v. *Kagey,* 150 id. 109, *Bailey* v. *Smith,* 168 id. 84, and *Union Ins. Co.* v. *Crosby,* 172 id. 335. In *Jones* v. *Buffum, supra,* the question arose upon the contention of the appellee that the bill of exceptions did not preserve the motion for a new trial, and that it was not shown that any exception was taken to the decision of the court overruling such motion, and in passing upon the case, *Metcalf* v. *Fouts,* 27 Ill. 110, was referred to by the court and quoted, as follows: "In *Metcalf* v. *Fouts,* 27 Ill. 110, it was urged the appellant could not assign error on the judgment because no reasons for a new trial were filed in the circuit court. This court said: 'Under the twenty-second section of the Practice act parties are authorized to assign error on the final judgment, upon both the law and the evidence, in cases of trial by the court without a jury, and if error could not be assigned for overruling a motion for a new trial in such case, yet as error may be assigned on the final judgment there can be no force in the objection, the court, under that section, being au-

thorized to consider both the law and the evidence and determine whether error has intervened in rendering the judgment.'"   Both of those cases were decided before the creation of the Appellate Courts, and as this court at that time was authorized and required to consider appeals both in matters of law and evidence, there may be found in those opinions remarks that would lead counsel to infer that all that was said was in the construction of what was then section 22 of the Practice act and is almost identical with our present section 61.   The substantial point decided in both of those cases was, that where a case was tried, by consent, by the court, without a jury, both matters of law and fact being submitted to the court, no motion for a new trial was necessary, but if exceptions had been taken to the decision of the court and exception to the judgment taken and noted, then all exceptions so taken should be deemed to have been properly taken and allowed, and the party excepting might assign for error any decision so excepted to.

*Sands* v. *Kagey, supra*, was an action of ejectment upon an agreed state of facts, which being appealed to this court, the same contention was made as in the case of *Metcalf* v. *Fouts* and *Jones* v. *Buffum, supra*, as stated in the opinion (p. 114):  "The bill of exceptions does not show that the defendants excepted to the decision of the court overruling a motion for a new trial, and it is claimed that this court, in the absence of that fact from the bill of exceptions, will not review the decision of the circuit court."   Section 61 of the Practice act is then set out, and the court states that under this statute no motion for a new trial was required.   It must be borne in mind that the *Sands case*, being an ejectment suit, was one that came directly to this court, and in which the court had authority to investigate both questions of law and fact, so far as they were presented by the record.

*Bailey* v. *Smith, supra*, was also an action of ejectment which came directly to this court, and all that was de-

cided in that case was, that because there were no exceptions to the finding and judgment of the court, upon which matters, only, were errors assigned, we could not consider the same.

*Union Ins. Co.* v. *Crosby, supra,* was an action of assumpsit. It appeared from the record in that case that no exception was taken to the judgment, but there was a motion for a new trial, which was overruled but exception not taken to the overruling of such motion. It was insisted by appellant in that case that making a motion for a new trial was equivalent to excepting to the judgment, and this court held that it was not, and that there was nothing before the court for consideration.

The only practical effect, as far as we are able to see, to be given to said section 61 is, that by its provisions a motion for a new trial becomes unnecessary; that if proper exceptions be taken during the progress of the trial, whether those exceptions be to the exclusion or admission of testimony or to the holding of the court upon propositions of law submitted by the parties, if exception be taken to the entry of the final judgment all the questions are saved, and assignments of error may be made upon them as though a motion for a new trial had been made in those cases tried before a jury. In the case at bar proper exception was taken to the entry of judgment, but, under the views herein above expressed, the only question open for our consideration, so far as relates to the proceedings of this trial, is the alleged error in the admission of certain evidence offered by appellee.

It appears that upon the trial of this case a stipulation of facts that had been made and used in the trial of the former case between the same parties, but which had been finally determined, was admitted in evidence in the case at bar on the offer of appellee and over the objections of appellant. This was improper, and if the evidence was of such character that it could be said that the appellant was injured thereby the case should be re-

versed.    But upon looking to the agreement it contains
no more than the stipulation in the case at bar.    It is
practically agreed, by express stipulation, the declara-
tion in this case truly states the case, and the matters
that were offered and covered by the former stipulation
added nothing material to the statements made in plain-
tiff's declaration in the present suit.

Objection is also made to the testimony of certain
officers of appellant with reference to the completion
and acceptance of the work. The extent of the authority
of these officers and the recognition of their acts by the
city were not wholly questions of law, but were mixed
questions of law and fact, and we think the evidence was
properly submitted to the court, that he might determine
that, although the work may not have been done in its
entirety and according to the original contract, whatever
deviation there was from the contract was not at the in-
stance and request of appellant or by its express consent.

The only remaining question that we are permitted,
under the views that we entertain of this record, to con-
sider, is whether the declaration in this case states a
sufficient cause of action to sustain the judgment.    By
excepting to the judgment this question was preserved.
8 Ency. of Pl. & Pr. 197; *Chicago and Alton Railroad Co.* v.
*Clausen,* 173 Ill. 100.

As has been seen, the declaration, by proper aver-
ments, sets out the ordinance for the improvement in
full, the contract between the parties, and the former
judgment of this court holding that the ordinance for
the improvement in question was not void but only de-
fective, and that a supplemental or new assessment could
be made upon the same.    The ordinance contained the
provision that the contract that should be made with
the appellee should contain "a covenant in substance to
the effect that the contractor or contractors shall have
no lien upon the city in any event, over and above the
amount hereinbefore provided to be raised for said im-

provement by general taxation, if any, except from the collection of the special assessment ordered to be levied, assessed and collected by the city council for said improvement." This provision of the ordinance was but the city's declaration of the requirement of the statute as declared by section 49 of article 9, chapter 24, (Starr & Cur. Stat. 1896,) wherein it is provided: "All persons taking any contracts with the city or village, and who agree to be paid from special assessments, shall have no claim or lien upon the city or village in any event, except from the collections of the special assessments made for the work contracted for." And the contract between appellee's intestate and appellant contained the express stipulation that the contractor would "make no claim against the city in any event, except for the city's share of the cost of the sewer, as above specified, and from the collection of the special assessments ordered to be collected for said improvements, and agrees to take all risks of invalidity of special assessments. The city shall in no event be liable by reason of the invalidity of said special assessments or of the proceedings therein, or for a failure to collect the same." All these matters, except the statutory provision, appear from the declaration. It also appears from the declaration that recovery is not sought for any portion of the fund that was by the provisions of the ordinance to be paid by the city from general taxation, but that the money sought to be recovered is a deficit arising from the failure and inability to collect portions of the special assessment upon the property benefited, because such assessments were declared illegal and void by the county court upon objections there made, and the same objections were sustained by this court upon appeal. *City of Alton* v. *Middleton's Heirs*, 158 Ill. 442.

The ground of recovery insisted upon is the neglect and refusal of the city council of the appellant city to levy and collect, or make some effort at least to do so, a

new or supplemental special assessment upon the property benefited to meet the deficit above mentioned. The question is, then, for the first time directly presented to this court, whether, under an ordinance and contract and the statute, all providing that the city shall not be liable to the contractor for the amount to be raised by special assessment, the city may nevertheless be held liable for such deficit upon the ground that its officers and agents have neglected or refused to levy such special assessment. No reason is suggested why the city might not, by the ordinance, provide for the exemption claimed, or that the contractor has not made a valid and binding contract upon a sufficient consideration, or that there is any public policy or constitutional inhibition against the restriction of the right as found in the statute quoted, but, notwithstanding the plain language of the ordinance, the contract and the statute that the city shall not be liable for such special assessment in any event, it is sought to read into the contract an exception to the terms and provisions of the ordinance, the statute and the contract itself not there contained, and to declare that there is an event that may arise, and has arisen,— namely, the failure and refusal of the city council to proceed to levy the new assessment,—by which the appellant city becomes liable.

The inauguration of the system of local improvements by special assessments was doubtless designed to enable localities requiring them, and able to build and pay for the same, to have improvements not common or general to the city, and for which the city generally would not need to incur an obligation or direct liability. From such local improvements the citizens generally, and those remote from the improvement, receive little or no benefit, and usually the portion that the public pays for by general taxation is at the street intersections and the places exclusively the property of the public and not bounding the property of any individual, and, as at present, the

207—11

cost of the proceedings and collection of the assessment; and it would seem to be an injustice to the public or general tax-payers of the city if the municipality and the contractor could by some act as between themselves, or by the failure of the one or the other to do some act required by the contract or the law, render the general tax-payers, or the general fund of the city, which is derived from the general tax-payers, liable upon a contract for which the city was not primarily liable and which it was expressly agreed it should not be liable for in any event. It must be apparent that if such rule be adopted such municipalities may become the easy prey of negligent or corrupt councils, and under the guise and form of local improvements by special assessments such improvements may be made in such localities as favoritism or other motive may direct, and the feigned or actual neglect or obstinacy of the official representatives of the municipality place upon the city the entire burden of the cost thereof.

When the former case involving the same matters in controversy here was before this court, we held that the ordinance was not void and that a proper assessment could be levied under it, (*Foster* v. *City of Alton*, 173 Ill. 587,) and with that declaration of this court of the sufficiency of the ordinance to support a further or supplemental assessment, there can be no question but that the particular fund which, by the terms of the contract of the parties, was to pay the claim now sought to be recovered, could have been availed of by appellee by the writ of *mandamus*, as was held in a case almost identical to the one at bar in all its features, viz., *People* v. *City of Pontiac*, 185 Ill. 437, and we now hold that *mandamus* was appellee's proper remedy.

The case last above cited, in its history, is very similar to the case at bar, and is interesting. The Talbot Paving Company sued the city of Pontiac in assumpsit, in the United States circuit court for the Northern Dis-

trict of Illinois. The ordinance and contract were almost identical in terms with those in the case at bar. The declaration stated as the ground of action against the city its failure to collect the special tax, and assigned as a reason therefor, in the first instance, the prosecution of appeals by the lot owners, and the holding of this court that said ordinance was invalid and that it was impossible to collect said special tax from the property liable to pay the same, citing *Bradford* v. *City of Pontiac*, 165 Ill. 612; and it further alleged, that after this decision the Talbot Paving Company presented its petition to the city council for the adoption of a supplemental ordinance for the assessment of a special tax upon the property contiguous to said improvement to pay the balance due, but the city council negligently and willfully refused and failed to make provision to that end, whereby the right of action was claimed. The circuit court rendered judgment for the paving company, and on appeal to the circuit court of appeals of the seventh circuit the judgment of the circuit court was reversed upon the ground that the declaration stated no cause of action, and in a very clear opinion the court holds that the action of assumpsit will not lie and that the proper remedy is by a *mandamus*. (*City of Pontiac* v. *Talbot Paving Co.* 94 Fed. Rep. 65.) Following that decision, a *mandamus* case for the same purpose, as is stated above, was brought and the writ ordered by this court.

Appellee cites and relies upon *Maher* v. *City of Chicago*, 38 Ill. 266, *City of Chicago* v. *People*, 48 id. 416, *City of Chicago* v. *People*, 56 id. 327, and *Foster* v. *City of Alton*, 173 Ill. 587. These cases were all cited and distinguished in the case of *Village of Park Ridge* v. *Robinson*, 198 Ill. 571, which was another case upon precisely the same contract as is in the case at bar, but was for the building of a sidewalk under the act of 1875. The work was done in accordance with the terms of the ordinance and contract, but in that case the ordinance for the work was

held wholly void, and the *Maher case, supra,* was relied upon as authority for the proposition that in such case the action of assumpsit would lie against the village and it would be required to pay the amount out of its general fund.   There, as here, the contractor had agreed to make no claim against said village in any event, except from the collection of special taxes made or to be made for the said improvements, and to take all risks of the invalidity of said special taxes, or any of them, or of the proceedings therein, or for. failure to collect the same, and this court held that under such contract, although the ordinance was void, the contractor could not recover against the city, and that the case of *Maher* v. *City of Chicago, supra,* was not controlling.

*City of Chicago* v. *People,* 48 Ill. 416, above mentioned, was an application for a writ of *mandamus* against the city of Chicago to compel payment for a local improvement out of the general fund of the city, which by the contract was to be paid for by special assessment, and was not an action of assumpsit. The circuit court granted the writ, but this court reversed the case on the ground that the contract provided that the contractor should be paid from the assessment then levied and to be thereafter levied, and that the evidence disclosed that the city was already proceeding to make the new assessment, and that the writ should be denied.

*City of Chicago* v. *People,* 56 Ill. 327, was a proceeding in *mandamus* to compel payment to the relators for a certain local improvement.   In that case. there was a stipulation that if the court should find the city was liable in any form of action the judgment should go for the relator.   The contract was that the relator should be paid by special assessments levied or to be levied, but there was no express provision that the city should not be liable in any event.   A special assessment was made, which proved insufficient, and there was at that time no provision of law for making supplemental assessments,

and the court in that case, following the case of *Maher* v. *City of Chicago, supra,* held that as the city had contracted to pay with an assessment it could never make, therefore it would be liable for the balance over the assessments collected for the improvement.

The *Foster case,* which was the former case about the matter now before the court, would seem to be in support of the present view of the court, instead of the contention of appellee. It was not said there, as seems to be the view of counsel, that the city would be liable in this action of assumpsit if it failed or refused to make the assessment, but the contention of Foster, who was the appellant there, was that the ordinance was absolutely void, and that being so, the city was liable under the rule announced in *Maher* v. *City of Chicago, supra,* and *City of Chicago* v. *People,* 56 Ill. 327. This court denied that contention and held that the ordinance was not absolutely void, and as the Appellate Court, in its special findings of fact, found that the city, at the time the suit was brought, was proceeding and taking the initial steps to make an assessment, the judgment of the Appellate Court reversing the judgment of the circuit court in favor of Foster was affirmed by this court.

The views herein expressed find support in *People* v. *City of Syracuse,* 144 N. Y. 63; *Fletcher* v. *City of Oshkosh,* 18 Wis. 228; *City of Greencastle* v. *Allen,* 43 Ind. 347; *Reock* v. *Mayor of Newark,* 33 N. J. L. 129; *McEwan* v. *City of Spokane,* 16 Wash. 212; *Northwestern Life Ins. Co.* v. *City of Aberdeen,* 20 id. 102.

Under the views above expressed, the declaration in this case must be held so insufficient that it cannot support the judgment rendered for appellee.

The judgments of the circuit and Appellate Courts are therefore reversed and the cause remanded to the circuit court for further proceedings in conformity with the views herein expressed.    *Reversed and remanded.*