THE CLIMAX TAG COMPANY, Appellee, *vs.* THE AMERICAN TAG COMPANY, Appellant.

*Opinion filed April 23, 1908—Rehearing denied June 3, 1908.*

1. TRIAL—*statement by counsel that he thinks court is wrong is not equivalent to an exception.* Exceptions are taken for the purpose of preserving questions for review by a higher tribunal, and a mere statement by counsel that he thinks the court is wrong is no more effective as an exception than would be a simple objection by counsel to a ruling.

2. SAME—*bill of exceptions must show that what counsel did was intended to preserve a question for review.* While no particular form of exception is required, it must appear from the bill of exceptions that what counsel did at the time was intended to preserve the question involved for review by a higher court.

3. SAME—*exception must be taken at the time decision is made.* An exception must be taken at the time the decision is made and the bill of exceptions must show that it was so taken, and it is not sufficient that an exception is taken to some subsequent decision.

4. SAME—*motion for new trial in case tried without jury does not preserve questions for review.* A motion for new trial in a case tried before the court without a jury is neither required nor authorized by law or the rules of practice, and if made it can have no effect to preserve questions for review by a higher court.

5. SAME—*effect where no exception is taken to final judgment.* If no exception is taken to the final judgment in a case tried without a jury the question of the sufficiency of the evidence to support the judgment cannot be inquired into on appeal; but if the bill of exceptions shows that exception was taken to the ruling of the court as to the admission or exclusion of certain evidence, the ruling excepted to may be reviewed. (Inconsistent expressions in *City of Alton* v. *Foster,* 207 Ill. 150, overruled.)

6. EVIDENCE—*when evidence that a machine would not operate successfully is incompetent.* In an action to recover the price of a certain machine sold to the defendant, evidence that the machine was not a practical machine and could not be made by expert machinists to operate successfully is incompetent, where there was no warranty, express or implied.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding.

CASTLE, WILLIAMS, LONG & CASTLE, for appellant.

JOHN T. RICHARDS, for appellee.

Per CURIAM: This was an action of assumpsit by appellee, against appellant, in the circuit court of Cook county, to recover the contract price of certain tag-stringing machines sold by appellee to appellant. By agreement of the parties a jury was waived and the cause tried by the court. No propositions of law were submitted by either side. The court found the issues for plaintiff and assessed its damages at $2100. From that judgment the defendant prosecuted

an appeal to the Appellate Court for the First District. That court held that while the bill of exceptions showed a motion for a new trial was made by the defendant, overruled and exception taken, it did not show that any exception was taken to the judgment itself, and that the record therefore presented no question for review by that court, and a judgment was entered by the Appellate Court affirming the judgment of the circuit court. The defendant below has prosecuted this appeal from the judgment of the Appellate Court.

The bill of exceptions shows that when, at the conclusion of the trial, the court announced its decision finding the issues for appellee and assessing its damages at $2100, counsel for appellant said, "I think you are wrong," and stated he desired to enter a motion for a new trial. No written motion was filed, and the bill of exceptions shows that upon the announcement by counsel of his desire to enter a motion for a new trial the court announced: "Motion for new trial overruled, and exception; appeal prayed to Appellate Court and granted; you can have thirty days for a bond." The bond was fixed at $2500 and ninety days allowed for bill of exceptions. The appellant contends the statement by counsel when the court announced its decision, that he thought the court wrong, was a protest against the court's finding and judgment, and was to all intents and purposes an exception. We think this is incorrect. The mere announcement by counsel that he disagrees with the court is not equivalent to an exception to the court's ruling. Exceptions are taken for the purpose of preserving questions for review by a higher tribunal, and the statement by counsel that he thinks a ruling is wrong is no more effective to do this than a simple objection by counsel to a ruling would be. While no particular form of exception is required, it must appear from the bill of exceptions that what counsel did at the time was intended to preserve the question for review by a higher court. It seems too plain for

argument that this was not made to appear by the statement of counsel relied upon.

It is further argued that counsel's statement that he thought the court wrong, followed by a motion for a new trial, which was overruled, exception taken to the order overruling the motion and an appeal prayed and allowed, showed an intention to have the court's rulings reviewed, and that what he said as to the rendition of the judgment, in the light of the subsequent steps taken, should be held to be an exception to said judgment. An exception must be taken at the time the decision is made, and that it was so taken must be affirmatively shown by the bill of exceptions. (*Dickhut* v. *Durrell,* 11 Ill. 72; Tidd's Practice, 863.) A motion for a new trial in cases tried by a court without a jury is neither required nor authorized by law or the rules of practice, and can serve no purpose whatever in preserving questions for review in this court. (*Sands* v. *Wacaser,* 149 Ill. 530; *Sands* v. *Kagey,* 150 id. 109; *Union Ins. Co.* v. *Crosby,* 172 id. 335.) If cases are found where a contrary view appears to have been entertained by the court, such cases are neither in harmony with the provisions of section 60 of the Practice act, Hurd's Statutes of 1905, nor with the weight of the decisions of this court. This court has held in a long line of decisions too numerous and too familiar to the profession to require their citation, that in the absence of an exception to the judgment in a case tried by the court, the sufficiency of the evidence to support the judgment cannot be inquired into upon an appeal.

*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 Ill. 538, was an appeal from the judgment in a case tried before the court without a jury. Appellant objected to certain testimony offered by appellee on the trial, but the objection was overruled and the ruling of the court excepted to. This was shown by the bill of exceptions, but there was no exception to the judgment. The court said: "While there is no exception to the final judgment, the bill

of exceptions shows that the appellant excepted to the ruling of the court in admitting the testimony of witnesses as to what occurred at the annual town meeting in the township of Long Creek with respect to the road and bridge tax. The evidence was admitted over the objection of appellant, and the ruling of the court was excepted to and was properly preserved for review." While in that case the rule was perhaps stated more explicitly than it had been in former decisions, that rule was adopted and acted upon in many of the previous decisions of this court as well as in subsequent cases. Indeed, this is not a rule of practice established by the court but is the law enacted by the legislature. (Hurd's Stat. 1905, chap. 110, sec. 60.) In so far as *City of Alton* v. *Foster,* 207 Ill. 150, announces a different rule it must be held to be in conflict with the statute and the weight of authority upon this question, and to that extent it is overruled.

We shall not undertake to cite and review the decisions of this court upon this question and might have contented ourselves with a mere statement of the law, but as there is some apparent conflict in the cases, and as a misunderstanding of the correct rule has arisen from the confusion, we have thought it proper to reiterate the law upon this subject as established by section 60 of the Practice act and the decisions of this court.

One of the errors relied upon by appellant is the refusal of the court to hear certain testimony offered by it. The bill of exceptions shows that this ruling of the court was properly excepted to when made, and that question is open to review here notwithstanding there was no exception to the judgment.

The contract between the parties was made by correspondence. It was for the sale of one completed and set-up tag-stringing machine and the parts of ten others that had been manufactured but not yet put together. The original agreement was that appellee would deliver to appellant the

completed machine for appellant to try thirty days, and if at the end of that time appellant was satisfied the machine was practical, it was to take the ten other unfinished machines also, for the total price of $2500, settlement to be made by sixty-day note. If at the end of thirty days appellant was not satisfied that the machine was practical it was to return it to appellee in good condition. The time for testing the machine was, at appellant's request, extended several times. The original proposition for the sale on thirty days' trial was made under date of October 1, 1902, and was accepted a few days later. After some extensions had been made, appellant wrote appellee, January 30, 1903, that it had done considerable work on the machine and would probably have to do some more which would involve some expenses, and inquired what appellee thought would be fair under the circumstances. In this letter appellant stated it did not care to buy the machines until it knew they would string tags satisfactorily. To this letter appellee replied February 2, 1903, that in order to close the matter up it would allow appellant $200 for the extra work done and expenses incurred on the machine. Appellant replied February 10 that it did not care to take the machine until it had had opportunity to see how it would work after some contemplated changes were made, and proposed to appellee that if it would agree to take $2300 within ninety days and give appellant permission to retain the machine it had for that period, appellant would, if the machine proved practical, retain it and accept the other machines. In this letter appellant proposed, if the machine did not prove successful, to return it to appellee in as good condition as when it was received or forfeit $200. This proposition was accepted by appellee under date of February 12, 1903. On May 4 appellee wrote appellant inquiring whether it should ship the other machines when the ninety days had expired. Appellant replied under date of May 6 that it could not state at that time whether it would want the machines or not but

would advise later.  May 7 appellee wrote appellant it had agreed to buy or return the machine within ninety days; that it had had ample time to determine whether it wanted the machine, and that if it had not yet determined that question the appellee desired the machine returned at once. May 18 appellant wrote appellee that it had spent considerable time and money on the machine but had not been successful in developing it.  Appellant enclosed a check for $200 and asked an extension of its option thirty days longer, the $200 to apply on the purchase if the machines were accepted.  May 19 appellee wrote appellant agreeing to the extension, and asking if the machine was not satisfactory at the end of that time that appellant return it.  June 19 appellee wrote appellant that the thirty days' extension had expired and requested the return of the machine by the first freight, as it had a customer for all the machines.  On June 22 appellant wrote appellee that in view of the many changes it had made in the machine it was impossible to return it; that it had been unable to develop the machine and had set it aside for the present.  In this letter appellant proposed to forfeit the $200 it had paid appellee.  This proposition was not accepted by appellee.  Appellant retained the machine it had and appellee shipped the others to it and appellant refused to receive them.  After some further correspondence this suit was brought.  On the trial appellant sought to prove that the machine was not a practical machine, and that after employing expert machinists to work upon it, it could not be made to operate successfully.  The court held such evidence to be incompetent in the case and rendered judgment in favor of appellee for $2100.  In our opinion this ruling of the court was correct, as there was no warranty of the machine, express or implied.  *Nichols* v. *Guibor,* 20 Ill. 285; *Osborn & Co.* v. *Stanley,* 35 id. 102.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*