Paul Perkowitz et al., Appellees, v. George Stosskopf, Appellant.

Gen. No. 14,948.

APPEALS AND ERRORS—*when sufficiency of evidence not preserved for review.* The sufficiency of the evidence to sustain the verdict is not preserved for review if no exception to the entry of the judgment is preserved in the bill of exceptions.

Forcible detainer. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed April 8, 1910.

OTTO FETTING and CHARLES F. GLAESER, for appellant; I. W. FOLTZ, of counsel.

CHARLES S. GRAVES, for appellee.

MR. JUSTICE MACK delivered the opinion of the court.

This forcible detainer suit was on appeal to the Circuit Court tried by the judge without a jury by agreement of the parties. Judgment was rendered for the plaintiffs. No exception to the entry of the judgment is preserved in the bill of exceptions. The sufficiency of the evidence to sustain the judgment cannot therefore be questioned in this court. Climax Tag Co. v. American Tag Co., 234 Ill. 179. Exceptions to evidence improperly received or rejected may, however, be considered. Inasmuch as the leases waived service of notice, no notice was required after a default in payment of the rent. It is therefore unnecessary to determine the admissibility in evidence of a notice which demanded more than the amount due.

While appellant claims an abrogation of the written lease and a holding under a new parol lease, no evidence to this effect was offered. The only question even remotely bearing thereon to which an objection was sustained and an exception preserved was, "How are the premises heated?" Appellant now claims in his brief that a new verbal lease relieved the landlord from supplying heat and reduced the rent, but though this was asserted in argument in the trial court, no offer to prove it was made and no other questions in any manner relating thereto were asked.

*Affirmed.*