328 APPELLATE COURTS OF ILLINOIS.

Salfisberg v. Village of Western Springs, 189 Ill. App. 328.

---

### Jacob Salfisberg, Appellee, v. Village of Western Springs, Appellant.

### Gen. No. 19,780.

1. LIMITATION OF ACTIONS, § 11*—*when suit on contract for public improvement barred.* Where a village becomes liable to pay for an improvement on its acceptance thereof, the claim of the contractor is barred by the statute of limitations where suit is not brought thereon within ten years from the date of such acceptance.

2. MUNICIPAL CORPORATIONS, § 401*—*when compensation for improvement restricted to particular fund.* A contract with a village for work done in making a sidewalk improvement, construed as restricting the contractor for his compensation to the special taxation fund, though the ordinance under which the work was done was adjudicated to be void.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the October term, 1913. Reversed. Opinion filed October 13, 1914.

FREDERICK W. WINKLER, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SONNENSCHEIN, BERKSON & FISHELL and SALFIS-
BERG & SEARS, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the
court.

This is a case of a contractor seeking to enforce a
general liability of defendant for work done in pur-
suance to an ordinance which, after the work was
done, was adjudicated to be void. In the trial court
the plaintiff had judgment.

Counsel seemingly agree that if the contract had
expressly provided that the contractor should make
no claim against the Village except from the special
taxes for the improvement, and that he should assume
all risks of the invalidity of such special tax, he could
not recover on any general liability of the Village.
This is the clear ruling in *Village of Park Ridge v.
Robinson*, 198 Ill. 571; *City of Alton v. Foster*, 207 Ill.
150; *Conway v. City of Chicago*, 237 Ill. 138. It is con-
tended, however, by the plaintiff that the contract in
question contains no such provisions in this regard
as were present in the *Robinson* case, *supra*, and that
this contract comes within the rule in *Maher v. City
of Chicago*, 38 Ill. 266, and *City of Chicago v. People*,
56 Ill. 327, in which cases the municipality was held
to a general liability.

It would seem, therefore, that the matter for our
determination is the construction of the contract. In
clause 6 thereof, the contractor "agrees to receive in
full payment for said walk, warrants drawn upon the
treasurer of the said Village and payable out of the
special taxation fund created in the manner provided
in said ordinance, in accordance with the provisions of
Section 3 of an Act of the General Assembly of the
State of Illinois," etc. The warrant issued and ac-
cepted by the contractor reads that the amount is:

"From the collection of Special Assessment No. 217,
made by the Village of Western Springs, for laying

330  APPELLATE COURTS OF ILLINOIS.

Salfisberg v. Village of Western Springs, 189 Ill. App. 328.

cement sidewalks on Chicago St. in the Village of Western Springs, but out of no other assessment or fund, and when and as so collected and in the Village Treasury, the Village of Western Springs will pay on demand to J. E. Salfisberg or order, the sum of Two Hundred Sixty-eight 75/100 Dollars.

\* \* \*

"The agreement of the payee accepting this voucher herein below attached is a part of this voucher.

\* \* \*

"In consideration of the issuing of this voucher ...........hereby, for..........sel........, heirs, executors and assigns, accept the same in full payment of the amount herein stated, and relinquish any and all claims or liens...............may have against the Village of Western Springs for the work mentioned herein, or for the payment of this voucher, except from the collection of installment herein named."

We are of the opinion that a reasonable construction of this contract requires the contractor to be restricted for his compensation to the special taxation fund, and that he cannot recover on any general liability.

However, as we view the case, this point is really not the decisive one, for even if it should be held that a general liability existed under the contract, plaintiff cannot recover for the reason that the statute of limitations has expired. Upon the theory of plaintiff's case the Village was liable and bound to pay for the improvement upon its acceptance. This acceptance was on August 31, 1899, while the suit was not commenced until October 17, 1910, more than ten years after the defendant became liable, if it did become liable generally. Hence there can be no recovery.

The judgment is reversed without remanding the cause.

*Reversed.*