CAROL DIVER *et al.*, Plaintiffs-Appellees, *v.* THE VILLAGE OF GLENCOE, Defendant-Appellant.

First District (5th Division)   No. 77-1445

Second supplemental opinion filed October 20, 1978.*

G. Kent Yowell, of Northbrook (Littlejohn, Glass & Yowell, of counsel), for appellant.

Herbert Lesser and Willard J. Lassers, both of Chicago, for appellees.

## SECOND SUPPLEMENTAL OPINION

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In its motion for clarification of the original and supplemental opinions, defendant for the first time has abstracted accounting data necessary to our determination of the merits of this cause. Subsequently, plaintiffs also

* The original opinion begins at page 591.

filed a motion for clarification in which they do not dispute the authenticity or accuracy of the newly presented abstract. Although the isolation of relevant accounting data from the myriad of documents contained in the record is indeed tardy, we believe the interests of justice mandate our consideration of such data.

As noted in each opinion, the report of proceedings reveals that plaintiffs' accountant had erroneously overstated installment-six collections by including $1,227.96 as the amount which should have been but was not levied and collected in installment six and treated cancelled bonds totaling $646.86 as a cash collection. In the supplemental opinion, because of information provided for the first time in appellant's petition for rehearing, we determined that these errors among others resulted in an overstatement of collections in the amount of $3,286.65.

Defendant now has for the first time isolated data in support of its contention that the errors found in installment six also occurred in installments four, five and seven through ten. Heretofore the unspecified presentation or such contentions and the voluminous record containing hundreds of exhibits precluded our reaching the merits of the matter except in regard to installment six. Illinois courts have exercised great scrutiny in reviewing special assessment bondholders' claims so that their interests as well as those of the municipality's taxpayers are safeguarded. For these reasons we will review defendant's contentions as they relate to installments four, five and seven through ten.

■■ Specifically the newly presented abstract shows that in installments seven through ten $6,911.84 was included as the amount which should have been but was not levied and collected in such installments and that in installments four, five and seven through ten cancelled bonds in the amount of $3,229.44 were treated as cash collections. Because the inclusion of such amounts expanded defendant's liability beyond the sums actually collected, we conclude that the judgments entered were based upon the erroneous overstatement of collections in the amount of $13,427.93 (which amount includes the previously determined overstatement of $3,286.65).

Turning to the question of plaintiffs' motion for clarification, they contend: (1) that our direction to the trial court is distortive in that only they and not the group of outstanding bondholders will bear the burden of deducting $3,286.65 (now $13,427.93) from the total of Warrant 264 collections; (2) that defendant's long-standing bookkeeping practice of treating cancelled or applied bonds as cash collections cannot be repudiated for purposes of this litigation; (3) that, alternatively, if such bonds may not be treated as cash collections then to be consistent these amounts ought to be deducted from bonds issued when computing pro rata shares; (4) that although bondholders must look to special assessment

collections rather than the general revenues of the municipality an exception exists here since defendant amended the prior sufficient assessment causing it to become insufficient to meet bond obligations; and (5) that because the large surplus of funds in the suspense account was amassed from collections wrongfully diverted from special assessment accounts such funds should be considered as available to meet bond obligations. Initially it should be noted that these contentions belie any need for clarification as plaintiffs have demonstrated complete understanding of the matters decided in the original and supplemental opinions. Therefore it is a rehearing which they seek rather than a clarification. However, inasmuch as a second supplemental opinion is being rendered in this cause, we believe it advisable to dispose of plaintiffs' contentions.

First, in the supplemental opinion we directed the trial court on remand to deduct the amount by which installment-six collections were overstated from the sum of Warrant 264 cash collections and then to ascertain plaintiffs' pro rata shares using the adjusted rather than the original sum of cash collections in its computations. To prorate means "[t]o divide, share, or distribute proportionally." (Black's Law Dictionary 1385 (4th Ed. 1968).) Under the circumstances, the correction of the erroneous overstatement of collections falls equally upon all those holding outstanding bonds. Consequently, we find no merit in plaintiffs' contention that they will bear a disproportionate burden.

Second, the authority cited in the original opinion makes it clear that a municipality is liable to special assessment bondholders only to the extent of funds actually collected for that purpose. Underlying this rule is the legislative intent that the general revenues of a municipality may not be depleted for local improvements which benefit only a portion of its population. (*City of Alton v. Foster* (1904), 207 Ill. 150, 69 N.E. 783, *overruled on other grounds, Climax Tag Co. v. American Tag Co.* (1908), 234 Ill. 179, 84 N.E. 873.) To avoid the application of this principle plaintiffs contend that whenever a bond with a face value in excess of the holder's assessment was submitted by the holder in satisfaction of the assessment the resulting excess was treated by defendant as a cash receipt; that such was a consistent bookkeeping practice of long standing; that defendant should not be allowed to repudiate such practice for purposes of this litigation; and accordingly that they are entitled to treat such excesses as cash collections. In our opinion the acceptance of such an argument would defeat the legislative intent to protect the municipality's general taxpayers. Moreover, as plaintiffs themselves assert the right to contest defendant's accounts throughout the life of Warrant 264 we do not believe they have shown detrimental reliance upon one isolated instance

of defendant's bookkeeping practices. Therefore, we find this contention to be without merit.

Third, plaintiffs alternatively argue that if such excesses cannot be treated as cash collections then to be consistent such accounts must be deducted from the total of bonds issued. As noted above we directed the trial court to prorate plaintiffs' shares of the adjusted amount of collections available for distribution to all outstanding bondholders. Obviously bonds tendered in satisfaction of assessments have long since been cancelled and their former holders cannot be viewed as outstanding bondholders for purposes of computing pro rata shares. To assume that on remand the trial court will not appreciate this distinction and by such omission inaccurately compute plaintiffs' pro rata shares is indeed premature.

Fourth, plaintiffs contend that defendant by amending an assessment which was sufficient to meet the bond obligations constituted a unilateral deceptive practice. By this argument they seek to avoid application of the rule that a bondholder's remedy in such circumstances is to bring a mandamus action to compel the municipality to seek a further and sufficient assessment. In essence they maintain that the amendment was a diversion of funds which would have been collected in the ordinary course of events but for the amended assessment. As noted in the original opinion a municipality is liable for funds wrongfully diverted, which we believe refers only to the diversion of funds after their collection. In the case at bar, defendant's action eliminated the future collection of such funds prior to the time when they were due and owing. Therefore, we believe these funds could have been reached only through the successful maintenance of a mandamus suit.

■■ Fifth, plaintiffs contend that the large surplus of funds in the suspense account should be considered available to meet bond obligations as such surplus was created by the wrongful diversion of funds from special assessment accounts including Warrant 264. As noted in the original opinion, a bondholder's burden is to establish that "the municipality collected the money applicable to the payment of his bonds and has not paid them." To the extent plaintiffs have shown that funds collected in relation to Warrant 264 were transferred to the suspense account, we have allowed the inclusion of such amounts in the adjusted sum of Warrant 264 collections. The remaining funds in the suspense account have not been shown to be wrongfully diverted Warrant 264 collections. Therefore, in regard to the latter funds plaintiffs have failed their burden of proof, and they cannot be considered as funds available for payment of Warrant 264 obligations.

For the reasons stated, we vacate the order rendered in the

supplemental opinion. We affirm that portion of the trial court's order finding the issues in favor of plaintiffs but, having concluded that Warrant 264 collections were overstated by the trial court to the extent of $13,427.93, we will vacate the findings of the trial court as to the amounts due each plaintiff and remand this cause to determine the resulting adjustment and plaintiffs' pro rata shares plus accrued interest when the above sum is deducted from the amount of collections as previously determined by the trial court.

Affirmed in part; vacated in part and remanded for a redetermination of amounts due each plaintiff.

MEJDA and WILSON, JJ., concur.